```
JEAN ANTOINE                                    )
11301 Classical Lane                            )
Silver Spring, MD 20901                         )
                                                )                    FILED
        Plaintiff                               )
                                                )                   APR - 9 2008
             v.                                 )
                                                )         NANCY MAYER WHITTINGTON, CLERK
                                                )              U.S. DISTRICT COURT
JP MORGAN CHASE BANK                            )
c/o The Corporation Trust, Inc., Register Agent )
300 E. Lombard Street                           )     CASE NO:_____
Baltimore, MD 21202                             )
                                                )
                                                )
AMERICAN SECURITY                               )
INSURANCE COMPANY                               )
c/o The Corporation Trust, Inc., Register Agent )     Case: 1:08-cv-00615
32 South Street                                 )     Assigned To : Kennedy, Henry H.
Baltimore, MD 21202                             )     Assign. Date : 4/9/2008
                                                )     Description: Contract
SHAPIRO & BURSON, LLP                           )
c/o John S. Burson                              )
13135 Lee Jackson Highway, #201                 )
Fairfax, Virginia 22033                         )
```

(JURY ACTION stamp)

## COMPLAINT

(Breach of Contract, Breach of Fiduciary Duty, Violation of Fair Debt Collection Practice Act (FDCP), 15 U.S. C. 1692 and Fraud)

### JURY TRIAL DEMAND

Plaintiff Jean Antoine by and through his counsel hereby files this Complaint against Defendant JP Morgan Chase Bank, American Security Insurance Company and Shapiro & Burson, LLP for breach of contract, breach of fiduciary duty, fraud and violation of the Fair Debt Collection Practice Act.

### PARTIES

1. Plaintiff Jean Antoine is the owner of the real property located at 2706 South Dakota Avenue, Washington, D.C. 20018.

2. Defendant JP Morgan Chase Bank is a financial institution that has its' principal headquarters in New York, NY. Process of Service can be made on JP Morgan Chase resident agent at the Corporation Trust Inc., 300 E. Lombard Street, Baltimore, MD 21202.

1

3. Defendant American Security Insurance Corporation is an insurance company that has its principal headquarters in Miami, Florida. Process of Service can be made on American Insurance's Resident Agent, Corporation Trust, Inc. 32 South Street, Baltimore, MD 21202.

4. Defendant Shapiro & Burson, LLP are debt collectors that are located at 13135 Lee Jackson Highway, #201, Fairfax, VA 22033.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. 1331 12 USC 2605, 15 U.S. C. §1692.

6. Venue is proper in this judicial district and this Division pursuant to 28 U.S. C. §1391, in that acts and omissions of Defendant alleged below were committed within Washington, District of Columbia and within the geographical limits of the District of Columbia division of this Court. The real property that is the subject of this Complaint in located in Washington, District of Columbia.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

7. At all times relevant hereto, JP Morgan Chase Bank was in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

8. On July 15, 2005, Plaintiff entered into a consumer credit transaction with Fremont Investment and Loan to purchase real property located at 2706 South Dakota Avenue, NE, Washington, D.C. This transaction included the signing of a promissory note and it was subjected to a finance charge. This transaction was subjected to RESPA, TILA, and Regulation Z.

9. The note was payable on the first of the month and no later than the 16th day of the month. Plaintiff had two mortgages on this real property. The first mortgage was for $310,400.00 and the second mortgage was $77,600.00.

2

10. On March 1, 2006, Plaintiff's first mortgage was sold to Defendant JP Morgan Chase Bank. Thereafter, beginning in April 2006, Plaintiff remitted his payments to Defendant Chase Home Finance LLC.

11. Plaintiff held casualty, fire and property insurance with Defendant American Security Insurance Company. The property insurance provided that Plaintiff was the insured. The fire insurance provisions provided that damaged buildings would be settled at replacement cost without deduction for depreciation but not exceeding the smallest of the following amounts: (a) the limit of liability under the policy applying to the building: (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or (c) the amount actually and necessarily spent to repair or replace the damaged building.

12. Plaintiff insured the dwelling for $415,000.00 and his yearly premium was $ 3,984.00.

13. On April 12, 2007, a fIre heavily damaged the residential building that was located on the real property.

14. Plaintiff immediately contacted his property insure, American Security Company and retained a Public Adjuster, John Watson to determine the replacement cost of the damaged property. Mr. Watson determined that the replacement cost was approximately $183,000.00.

15. Mr. Johnson remitted his replacement determination to Defendant American Security Insurance Company.

16. On May 30, 2007, American Security Company informed Plaintiff that it would not pay no more than the actual cash value until actual repairs or renovations were completed and thereafter determined that the actual cash value was $78,570.36.

17. Also, on May 30, 2007 Defendant American Security Insurance Company informed Plaintiff that it had mailed a check for $78,570.36 to Defendant Chase Home Finance, LLC.

18. On or around the latter part of December 2007, Plaintiff received a Notice of Foreclosure from Defendant Shapiro & Burson, LLP. The Notice indicated that Plaintiffs real property was scheduled to be sold on January 9, 2008. This was the first and last

20. Upon receiving the letter, Plaintiff attempted on numerous occasions to contact Defendant Shapiro & Burson, LLP but was unable to talk to any personnel so he left a number for Defendant to contact him.

21. Defendant Shapiro & Burson did not return any of Plaintiff's telephone calls and did not correspond with Plaintiff by mail or any other means. Plaintiff contacted Defendant Chase Home Finance, LLC and was informed that he could remit the amount stated on the Foreclosure Notice to Chase Home Finance, LLC and it would forward it to Defendant Shapiro & Burson.

22. On January 5, 2008, Plaintiff mailed a cashier check in the amount of $15,179.55 by overnight mail to Defendant Chase Home Finance, LLC.

23. On January 9, 2008, Defendants' foreclosure on Plaintiff's property even though he remitted the amount required to reinstate the loan.

24. On January 18, 2008, Plaintiff received his reinstatement check from Defendant Chase Home Finance, LLC. Defendant Chase Home Finance, LLC indicated that it returned Plaintiff's reinstatement check because it was insufficient to reinstate the loan.

### COUNT I

(Breach of Contract – Defendants JP Morgan Chase Bank Home Finance, LLC)

25. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein.

26. Defendants failed to provide any notice to Plaintiff that the mortgage loan was in default.

4

27. In accordance with the mortgage loan agreement, Defendant had a duty to provide written notice within 30 days to Plaintiff informing him that the mortgage loan was in default.

28. Defendant failed to provide Plaintiff that his mortgage was in default within 30 days of the alleged default. Plaintiff at all times believed that Defendant American Security Insurance Company remitted the mortgage payments to Chase Bank after the fire damaged the property on April 12, 2007.

29. Plaintiff received the first notice of default and intent to foreclosure in December 2007. Upon receipt of the notice of default, Plaintiff contacted Defendant and inquire on why his mortgage was in default. Also, Plaintiff submitted a letter to Defendant Chase Bank to request an accounting to determine the payments that Defendant received since April 12, 2007.

30. Defendant never submitted an accounting to Plaintiff. Instead, Defendant breached the mortgage loan agreement by failing to provide the thirty (30) day written notice to Plaintiff prior to instituting foreclosure procedures against Plaintiff's real property.

## COUNT II

(Breach of Fiduciary Duty- Defendants J P Morgan Chase Bank Home Finance)

31. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein

32. Defendant Chase Bank was Plaintiff's mortgagee and the server for Plaintiff's real estate mortgage.

33. However, Defendant failed to provide Plaintiff with an accounting after he provided a written request in December 2007.

5

34. Plaintiff made several telephone calls to the Debt Collectors, Defendant Shapiro and Burson, LLP to determine the total amount needed to reinstate his mortgage. Defendant Shapiro & Burson, like Defendant Chase Bank failed to return any telephone calls or any other written or oral response regarding the total amount necessary to reinstate his mortgage.

35. However, on January 4, 2008, Plaintiff contacted Defendant Chase Bank again to obtain the total amount necessary to reinstate his mortgage. Defendant Chase Bank told Plaintiff to send the amount ($15, 179.55) indicated on the Foreclosure Notice and it send Plaintiff's funds to Defendant Shapiro and Burson and would contact Plaintiff when it obtained the amount of any additional cost from Defendant Shapiro and Burson.

36. Defendant breached its fiduciary duty that it owed to Plaintiff as his mortgage server because Defendant Chase Bank did not remitted Plaintiff's cashier check for $15,179.55 to Defendant Shapiro and Burson. Also, Defendant did not provide an accounting to Plaintiff or provide the additional cost to reinstate Plaintiff's mortgage.

37. Instead, on January 18, 2008, Defendant mailed Plaintiff's cashier check that Plaintiff submitted on January 6, 2008 for $15,179.55. In its letter dated January 18, 2008, Defendant stated that it returned Plaintiff's payment because the payment was insufficient to reinstate the loan.

38. Defendant failed to remit to the Plaintiff, the repair or replacement funds that it received from Defendant American Security Insurance Company.

### COUNT III

( Breach of Contract – Defendant American Security Insurance Company)

39. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint   and

40. Defendant breached the home insurance agreement since it failed to compensate Plaintiff for the cost of repair or replacement cost for Plaintiff's damaged residential building and erroneously rejected the repair/replacement cost( $ $183,000.00) that was prepared by a Public Adjuster.

41. Defendant further breached the home insurance agreement since it remitted the alleged replacement/repair cost ($78,570.36) directly to Defendant Chase Bank.

## COUNT IV
(Fraud- Defendant American Security Insurance Company)

42. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein.

43. Plaintiff consistently challenged Defendant's failure to compensate him for the cost of repair or replacement cost for the fire damaged to his property.

44. By letter dated January 10, 2008, Defendant stated that Plaintiff's policy had been cancelled because Plaintiff provided evidence of other insurance coverage.

45. Defendant's statements were fraudulent because Plaintiff never provided Defendant with any evidence of any other insurance coverage.

## COUNT V

(Violation of Fair Debt Collection Practice Act (15 U.S. C. 1692)- Defendant Shapiro & Burson)

46. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein.

47. Upon receipt of the Notice of Foreclosure, Plaintiff consistently attempted to contact

48. Defendant Shapiro & Burson violated the Fair Debt Collection Practice Act because it failed to return any of Plaintiff's telephone calls, failed to correspond with Plaintiff by an any means and failed to inform Plaintiff of the additional foreclosure cost including attorney attorneys fees needed to reinstate his loan.

49. Defendant Shapiro & Burson violated the Fair Debt Collection Practice Act by failing to acknowledge Plaintiff's dispute with respect to the default amount and failed to provide Plaintiff with the total cost to reinstate the loan prior to foreclosing on Plaintiff's real property.

50. As a result of Defendants' breach of contract, breach of fiduciary duty, misrepresentations and fraudulent statements, illegal foreclosure and violations of the Fair Debt Collection Practice Act, Plaintiffs lost their real property located at 2706 South Dakota Avenue, NE, Washington, D.C. 20018, incurred legal fees, court cost, extreme financial losses, negative credit reports and credit scores, mental and physical pain and anguish and extremely low credit scores that has prevented Plaintiff from obtaining favorable interest rates and other damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Jean Antoine demands judgment against Defendants JP Morgan Chase Bank, American Security Insurance Company and Shapiro & Burson, LLP jointly and or severally for all his claims presented in this complaint, including statutory and compensatory damages in an amount to be determined at trial but believed to exceed Five Hundred Dollars ($500,000.00), Plaintiff's cost in this action, his reasonable attorney's fees, and such other further relief as justice requires.

I, <u>Jean Antoine</u> acknowledge that the above information is correct and true to the best of my knowledge and belief.

3/5/08
/Date

_____
Jean Antoine

Respectfully submitted

/s/ L. Saundra White
L. Saundra White
Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
Attorney for the Plaintiffs

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Jean Antoine
11301 Classical Lane, Silver Spring, MD 20901

## DEFENDANTS
JP MOrgan Chase Bank, et. al
c/o Corporation Trust, Resident Agent
32 South Street, Baltimore, mD 21202

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Baltimore
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
L. Saundra White
3450 Crain Highway, #107
Bowie, MD 20716
(301) 574-3547

Case: 1:08-cv-00615
Assigned To : Kennedy, Henry H.
Assign. Date : 4/9/2008
Description: Contract

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

AM. SECURITY
TWICE

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Fair Debt Collection Practice Act, Fraud, and Breach of Contract   28 USC 1332

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 500,000.00   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 4-9-08    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.