THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN ANTOINE<br>11301 Classical Lane<br>Silver Spring, MD 20901<br><br>    Plaintiff<br><br>    v.<br><br>JP MORGAN CHASE BANK<br>c/o The Corporation Trust, Inc., Register Agent<br>300 E. Lombard Street<br>Baltimore, MD 21202<br><br>AMERICAN SECURITY<br>INSURANCE COMPANY<br>c/o The Corporation Trust, Inc., Register Agent<br>32 South Street<br>Baltimore, MD 21202<br><br>SHAPIRO & BURSON, LLP<br>c/o John S. Burson<br>13135 Lee Jackson Highway, #201<br>Fairfax, Virginia 22033 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO: **1:08-cv-00615**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

(Breach of Contract, Breach of Fiduciary Duty, Violation of Fair Debt Collection Practice Act (FDCP), 15 U.S.C. 1692 and Fraud)

### JURY TRIAL DEMAND

Plaintiff Jean Antoine by and through his counsel hereby files this Complaint against Defendant JP Morgan Chase Bank, American Security Insurance Company and Shapiro & Burson, LLP for breach of contract, breach of fiduciary duty, fraud and violation of the Fair Debt Collection Practice Act.

### PARTIES

1. Plaintiff Jean Antoine is the owner of the real property located at 2706 South Dakota Avenue, Washington, D.C. 20018.

2. Defendant JP Morgan Chase Bank is a financial institution that has its' principal headquarters in New York, NY. Process of Service can be made on JP Morgan Chase resident agent at the Corporation Trust Inc., 300 E. Lombard Street, Baltimore, MD 21202.

3. Defendant American Insurance Corporation is insurance company that has principal headquarters in Miami, Florida. Process of Service can be made on American Insurance's Resident Agent, Corporation Trust, Inc. 32 South Street, Baltimore, MD 21202.

4. Defendant Shapiro & Burson, LLP are debt collectors that are located at 13135 Lee Jackson Highway, #201, Fairfax, VA 22033.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. 1331 12 USC 2605,15 U.S. C. §1692.

6. Venue is proper in this judicial district and this Division pursuant to 28 U.S. C. §1391, in that acts and omissions of Defendant alleged below were committed within Washington, District of Columbia and within the geographical limits of the District of Columbia division of this Court. The real property that is the subject of this Complaint in located in Washington, District of Columbia.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

7. At all times relevant hereto, JP Morgan Chase Bank was in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

8. On July 15, 2005, Plaintiff entered into a consumer credit transaction with Fremont Investment and Loan to purchase real property located at 2706 South Dakota Avenue, NE, Washington, D.C. This transaction included the signing of a promissory note and it was subjected to a finance charge. This transaction was subjected to RESPA, TILA, and Regulation Z.

9. The note was payable on the first of the month and no later than the 16th day of the month. Plaintiff had two mortgages on this real property. The first mortgage was for $310,400.00 and the second mortgage was $77,600.00.

2

10. On March 1, 2006, Plaintiff's first mortgage was sold to Defendant JP Morgan Chase Bank. Thereafter, beginning in April 2006, Plaintiff remitted his payments to Defendant Chase Home Finance LLC.

11. Plaintiff held casualty, fire and property insurance with Defendant American Security Insurance Company. The property insurance provided that Plaintiff was the insured. The fire insurance provisions provided that damaged buildings would be settled at replacement cost without deduction for depreciation but not exceeding the smallest of the following amounts: (a) the limit of liability under the policy applying to the building: (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or (c) the amount actually and necessarily spent to repair or replace the damaged building.

12. Plaintiff insured the dwelling for $415,000.00 and his yearly premium was $ 3,984.00.

13. On April 12, 2007, a fIre heavily damaged the residential building that was located on the real property.

14. Plaintiff immediately contacted his property insure, American Security Company and retained a Public Adjuster, John Watson to determine the replacement cost of the damaged property. Mr. Watson determined that the replacement cost was approximately $183,000.00.

15. Mr. Johnson remitted his replacement determination to Defendant American Security Insurance Company.

16. On May 30, 2007, American Security Company informed Plaintiff that it would not pay no more than the actual cash value until actual repairs or renovations were completed and thereafter determined that the actual cash value was $78,570.36.

17. Also, on May 30, 2007 Defendant American Security Insurance Company informed Plaintiff that it had mailed a check for $78,570.36 to Defendant Chase Home Finance, LLC.

18. On or around the latter part of December 2007, Plaintiff received a Notice of Foreclosure from Defendant Shapiro & Burson, LLP. The Notice indicated that Plaintiffs

real property was scheduled to be sold on January 9, 2008. This was the 14/15/2008 last notice that Plaintiff received from the Debtor collectors.

20. Upon receiving the letter, Plaintiff attempted on numerous occasions to contact Defendant Shapiro & Burson, LLP but was unable to talk to any personnel so he left a number for Defendant to contact him.

21. Defendant Shapiro & Burson did not return any of Plaintiff's telephone calls and did not correspond with Plaintiff by mail or any other means. Plaintiff contacted Defendant Chase Home Finance, LLC and was informed that he could remit the amount stated on the Foreclosure Notice to Chase Home Finance, LLC and it would forward it to Defendant Shapiro & Burson.

22. On January 5, 2008, Plaintiff mailed a cashier check in the amount of $15,179.55 by overnight mail to Defendant Chase Home Finance, LLC.

23. On January 9, 2008, Defendants' foreclosure on Plaintiff's property even though he remitted the amount required to reinstate the loan.

24. On January 18, 2008, Plaintiff received his reinstatement check from Defendant Chase Home Finance, LLC. Defendant Chase Home Finance, LLC indicated that it returned Plaintiff's reinstatement check because it was insufficient to reinstate the loan.

## COUNT I

(Breach of Contract – Defendants JP Morgan Chase Bank Home Finance, LLC)

25. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein.

4

26. Defendants failed to provide any notice to Plaintiff that the mortgage loan was in default.

27. In accordance with the mortgage loan agreement, Defendant had a duty to provide written notice within 30 days to Plaintiff informing him that the mortgage loan was in default.

28. Defendant failed to provide Plaintiff that his mortgage was in default within 30 days of the alleged default. Plaintiff at all times believed that Defendant American Security Insurance Company remitted the mortgage payments to Chase Bank after the fire damaged the property on April 12, 2007.

29. Plaintiff received the first notice of default and intent to foreclosure in December 2007. Upon receipt of the notice of default, Plaintiff contacted Defendant and inquire on why his mortgage was in default. Also, Plaintiff submitted a letter to Defendant Chase Bank to request an accounting to determine the payments that Defendant received since April 12, 2007.

30. Defendant never submitted an accounting to Plaintiff. Instead, Defendant breached the mortgage loan agreement by failing to provide the thirty (30) day written notice to Plaintiff prior to instituting foreclosure procedures against Plaintiff's real property.

**COUNT II**

(Breach of Fiduciary Duty- Defendants J P Morgan Chase Bank Home Finance)

31. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein

32. Defendant Chase Bank was Plaintiff's mortgagee and the server for Plaintiff's real estate mortgage.

33. However, Defendant failed to provide Plaintiff with an accounting after he provided a written request in December 2007.

34. Plaintiff made several telephone calls to the Debt Collectors, Defendant Shapiro and Burson, LLP to determine the total amount needed to reinstate his mortgage. Defendant Shapiro & Burson, like Defendant Chase Bank failed to return any telephone calls or any other written or oral response regarding the total amount necessary to reinstate his mortgage.

35. However, on January 4, 2008, Plaintiff contacted Defendant Chase Bank again to obtain the total amount necessary to reinstate his mortgage. Defendant Chase Bank told Plaintiff to send the amount ($15,179.55) indicated on the Foreclosure Notice and it send Plaintiff's funds to Defendant Shapiro and Burson and would contact Plaintiff when it obtained the amount of any additional cost from Defendant Shapiro and Burson.

36. Defendant breached its fiduciary duty that it owed to Plaintiff as his mortgage server because Defendant Chase Bank did not remitted Plaintiff's cashier check for $15,179.55 to Defendant Shapiro and Burson. Also, Defendant did not provide an accounting to Plaintiff or provide the additional cost to reinstate Plaintiff's mortgage.

37. Instead, on January 18, 2008, Defendant mailed Plaintiff's cashier check that Plaintiff submitted on January 6, 2008 for $15,179.55. In its letter dated January 18, 2008, Defendant stated that it returned Plaintiff's payment because the payment was insufficient to reinstate the loan.

38. Defendant failed to remit to the Plaintiff, the repair or replacement funds that it received from Defendant American Security Insurance Company. (Exhibit 1)

## COUNT III

( Breach of Contract – Defendant American Security Insurance Company)

39. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein .

40. Defendant breached the home insurance agreement since it failed to compensate Plaintiff for the cost of repair or replacement cost for Plaintiff's damaged residential building and erroneously rejected the repair/replacement cost( $183,000.00) that was prepared by a Public Adjuster.

41. Defendant further breached the home insurance agreement since it remitted the alleged replacement/repair cost ($78,570.36) directly to Defendant Chase Bank. (**Exhibit 1**)

## COUNT IV

(Fraud- Defendant American Security Insurance Company)

42. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein.

43. Plaintiff consistently challenged Defendant's failure to compensate him for the cost of repair or replacement cost for the fire damaged to his property.

44. By letter dated January 10, 2008, Defendant stated that Plaintiff's policy had been cancelled because Plaintiff provided evidence of other insurance coverage.(**Exhibit 2**)

45. Defendant's statements were fraudulent because Plaintiff never provided Defendant with any evidence of any other insurance coverage. As a result of this statement, Plaintiff did

not receive any payments for the repair and replacement for the damaged real property in accordance with the insurance contract with American Security Insurance Company even though Plaintiff was the insured and he paid the insurance premiums.

## COUNT V

(Violation of Fair Debt Collection Practice Act (15 U.S. C. 1692)- Defendant Shapiro & Burson)

46. Plaintiff re-alleges the averments of all the preceding paragraphs of this complaint and incorporates them herein.

47. Upon receipt of the Notice of Foreclosure, Plaintiff consistently attempted to contact Defendant Shapiro & Burson by telephone, fax and mail.

48. Defendant Shapiro & Burson violated the Fair Debt Collection Practice Act because it failed to return any of Plaintiff's telephone calls, failed to correspond with Plaintiff by an any means and failed to inform Plaintiff of the additional foreclosure cost including attorney attorneys fees needed to reinstate his loan.

49. Defendant Shapiro & Burson violated the Fair Debt Collection Practice Act by failing to acknowledge Plaintiff's dispute with respect to the default amount and failed to provide Plaintiff with the total cost to reinstate the loan prior to foreclosing on Plaintiff's real property.

50. Defendant Shapiro & Burson further violated the Fair Debt Collection Practice Act by failing to provide Plaintiff with the written notice required by FDCPA that includes but not limited to informing the debtor that he could dispute the debt within the thirty-day period from receipt of the notice and could also request verification of the debt . (**Exhibit 3**).

8

51. As a result of Defendants' breach of contract, breach of fiduciary duty, misrepresentations and fraudulent statements, illegal foreclosure and violations of the Fair Debt Collection Practice Act, Plaintiff lost his real property located at 2706 South Dakota Avenue, NE, Washington, D.C. 20018, incurred legal fees, court cost, extreme financial losses, negative credit reports and credit scores, mental and physical pain and anguish and extremely low credit scores that has prevented Plaintiff from obtaining favorable interest rates and other damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Jean Antoine demands judgment against Defendants JP Morgan Chase Bank, American Security Insurance Company and Shapiro & Burson, LLP jointly and or severally for all his claims presented in this complaint, including statutory and compensatory damages in an amount to be determined at trial but believed to exceed One Million and Five Hundred Dollars ($1,500,000.00), Plaintiff's cost in this action, his reasonable attorney's fees, and such other further relief as justice requires.

I, <u>Jean Antoine</u> acknowledge that the above information is correct and true my knowledge and belief.

3/15/08
Date

_____
Jean Antoine

Respectfully submitted

_____
L. Saundra White,
Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
Email: whitelegalgrp@aol.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>April 24, 2008</u>, I mailed a copy of the foregoing by first class mail to the following:

1. J. P. Morgan Chase Bank
   c/o Buckley Kolar, LLP
   Attn: Matthew P. Previn, Esq.
   1250 24th Street, NW, Suite 700
   Washington, D.C. 20037
   www:mprevin@buckleykolar.com

2. American Security Insurance Company
   c/o The Corporation Trust, Inc., Register Agent
   32 South Street
   Baltimore, MD 21202

3. Shapiro & Burson, LLP
   c/o John S. Burson
   13135 Lee Jackson Highway, #201
   Fairfax, Virginia 22033

L. Saundra White, Esq.

**American Security Insurance Company**

11222 Quail Roost Drive
Miami, FL 33157-6596

MAY 30, 2007

JEAN R ANTOINE
11301 CLASSICAL LN
SILVER SPRING, MD 20901-5022

RE:  Insured:        JEAN R ANTOINE
     Claimant:       JEAN R ANTOINE
     Policy #:       HOC209384300
     Loan #:         000000022448781
     Claim #:        00100453996
     Date of Loss:   04/12/2007
     Coverage:       MSP-Dwelling, Fire Pkg
     Cause of Loss:  FIRE

Our review of your claim has been completed. A check in the amount of $ 78,570.36 has been issued. The check was mailed to CHASE HOME FINANCE LLC.

Below is an explanation of the payment:

| | |
|---|---|
| Repair/Replacement: | $ 106,119.40 |
| Less Recoverable Depreciation: | $ 26,675.08 |
| Less Non-recoverable Depreciation: | $ 373.96 |
| Less Recoverable Overhead and Profit: | $ .00 |
| Less Deductible: | $ 500.00 |
| Payment Amount: | $ 78,570.36 |

We will pay no more than the actual cash value until actual repair or replacement is completed. You may make further claim for the recoverable depreciation and overhead & profit amounts within 180 days after the loss based upon and for any specific additional cost to you actually incurred within that period in replacing the damaged property on a replacement cost basis.



PLAINTIFF'S EXHIBIT 1

Sincerely,

BRIAN WEBER

ASSURANT CLAIMS
(866)660-9088

This correspondence is written without prejudice to the parties herein involved and is not meant to be nor should it be considered to be a waiver of any of your rights or ours.



01 0 0

**AMERICAN SECURITY INSURANCE COMPANY**
PO Box 491631, Lawrenceville GA 30049

March 25, 2008

SMITH-WATSON, INC
ATTN: JOHN WATSON
5000 PENNSYLVANIA AVENUE, JUNIT J
SUITLAND MD 20746

RE:   Insured:        JEAN ANTOINE
      Claim #:        00100453996
      Date of Loss:   4/12/07

We are in receipt of the appraisal award. A check in the amount of $55,104.37 for the dwelling has been issued to Jean Antoine and CHASE and mailed to CHASE under separate cover.

Below is an explanation of the payment(s):

| | |
|---|---|
| Dwelling Appraisal Award: | $152,765.08 |
| Less Recoverable Depreciation: | ($17,229.16) |
| Less Non-Recoverable Depreciation: | ($ 1,361.19) |
| Less Deductible: | ($ 500.00) |
| Less prior payment: | ($ 78,570.36) |
| Net Final Payment: | $ 55,104.37 |

Should you have any questions, please contact our office.

Sincerely

Rebecca Burns
Field Staff Manager
Assurant Claims
866-889-6218

This correspondence is written without prejudice to the parties herein involved and is not meant to be nor should it be considered to be a waiver of any of your rights or ours.

01/10/2008

CHASE HOME FINANCE LLC
ITS SUCCESSORS AND/OR ASSIGNS
P.O. BOX 81507
ATLANTA, GA 30366

328

JEAN R ANTOINE
11301 CLASSICAL LN
SILVER SPRING, MD 20901-5022

# American Security Insurance Company
PO Box 50355, Atlanta, GA 30302

### HAZARD INSURANCE
### CONFIRMATION OF CANCELLATION

Property Address: 2706 SOUTH DAKOTA AVE NE
WASHINGTON, DC 20018

Re: Loan Number: 0022448781

Dear Borrower:

Your Mortgagee lender has requested cancellation of the hazard insurance that was issued in compliance with your home mortgage agreement. This cancellation is effective at 12:01 a.m. on 01/10/2008. The reason for this cancellation is:

You provided evidence of other insurance coverage.

If you have any questions, please feel free to call your mortgage lender at 1-800-310-4287.

Sincerely,

Insurance Department



PLAINTIFF'S EXHIBIT 2

MS0264

**SHAPIRO & BURSON, LLP**
13135 LEE JACKSON HIGHWAY, SUITE 201
FAIRFAX, VIRGINIA 22033 (703) 449-5800 FAX (703) 449-5850

WARNING!!!

READ THE ENCLOSED NOTICE

YOUR PROPERTY WILL BE SOLD AT FORECLOSURE

The enclosed notice is in the form required by PL90-566 and by the Office of the Recorder of Deeds of the District of Columbia. Please read it carefully.

You have the right to stop the foreclosure by paying the ENTIRE LOAN (the principal with all interest) including all the amounts due to the lender and all costs and expenses. You may have the right to reinstate your loan to prevent foreclosure. However, to reinstate you must pay the arrears due to the lender AND you must also pay all costs and expenses properly associated with the foreclosure.

**If you want to reinstate, or pay off the entire principal balance to prevent foreclosure, contact this office. DO NOT COME TO THIS OFFICE OR ATTEMPT TO PAY UNLESS YOU HAVE CALLED TO GET THE EXACT AMOUNT DUE!!**

You must make payment by certified check or cashier's check. Personal checks, third party checks and money orders will not be accepted. Checks must be made payable to SHAPIRO & BURSON, LLP – **DO NOT MAKE THEM PAYABLE TO YOUR LENDER!**

For your reinstatement figures and/or payoff figures contact:

SHAPIRO & BURSON, LLP
ATTN: REINSTATEMENT/PAYOFF DEPARTMENT
13135 LEE JACKSON HIGHWAY, #201
FAIRFAX, VIRGINIA 22033
(703) 449-5800

or send a request via Internet E-mail to **FIGURES.VA@LOGS.COM**

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**


PLAINTIFF'S EXHIBIT 3

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF TAX AND REVENUE



## NOTICE OF FORECLOSURE SALE OF REAL PROPERTY OR CONDOMINIUM UNIT

(Pursuant to Public Law 90-566, approved October 12, 1968)

TO:   (List name and address of each owner of the real property encumbered by said deed of trust, mortgage, or security instrument)

    JEAN R. ANTOINE
    2706 SOUTH DAKOTA AVENUE, N.E.,
    Washington, DC 20018

    JEAN R. ANTOINE
    11301 CLASSICAL LANE
    Silver Spring, MD 20901

    JEAN R. ANTOINE
    8300 26TH PLACE
    Hyattsville, MD 20783

*[handwritten: 703-261-7666]*

FROM:   SHAPIRO & BURSON, LLP          PHONE: (703) 449-5800

YOU ARE HEREBY NOTIFIED THAT IN ORDER TO SATISFY THE DEBT SECURED BY THE DEED OF TRUST, MORTGAGE OR OTHER SECURITY INSTRUMENT, THE REAL PROPERTY OR CONDOMINIUM UNIT HEREIN DESCRIBED WILL BE SOLD AT A FORECLOSURE SALE TO BE HELD ON January 9, 2008 at 1:40 p.m., AT THE OFFICE OF NATIONAL REO AUCTIONS, INC., 3402 CONNECTICUT AVENUE, N.W., WASHINGTON, D.C. 20008. THIS SALE DATE IS SUBJECT TO POSTPONEMENT FOR A PERIOD NOT TO EXCEED THIRTY (30) CALENDAR DAYS FROM THE ORIGINAL DATE OF FORECLOSURE SALE, AFTER WHICH TIME THIS NOTICE OF FORECLOSURE SALE SHALL EXPIRE.

Security Instrument recorded in the Land Records of the District of Columbia at the Recorder of Deeds on July 29, 2005 as Instrument No. 2005105667.

Maker(s) of Note secured by the Instrument:
    JEAN R. ANTOINE
    Address: 11301 CLASSICAL LANE, SILVER SPRING, MD 20901
    Phone: 301-793-4800

Description of Property:   RESIDENTIAL DWELLING/CONDOMINIUM UNIT
Address: 2706 SOUTH DAKOTA AVENUE, N.E., Washington, DC 20018
Lot & Square No.: 0011 / 4343

Holder of Note:
    U.S. BANK NATIONAL ASSOCIATION
    C/O CHASE HOME FINANCE, LLC
    10790 Rancho Bernardo Rd
    San Diego, California 92127
    Phone: 966-265-6459

Description of Property: RESIDENTIAL DWELLING/CONDOMINIUM UNIT
Address: 2706 SOUTH DAKOTA AVENUE, N.E., Washington, DC 20018
Lot & Square No.: 0011 / 4343

Holder of Note:
U.S. BANK NATIONAL ASSOCIATION
C/O CHASE HOME FINANCE, LLC
10790 Rancho Bernardo Rd
San Diego, California 92127
Phone: 966-265-6459

Balance owed on the note: $314,910.23 APPROXIMATELY, PLUS ATTORNEY FEES, FORECLOSURE COSTS AND OTHER CHARGES OR PAYMENTS WHICH BECOME DUE.

Minimum balance required to cure default obligation pursuant to D.C. Law 5-82 "Right to Cure a Residential Mortgage Foreclosure Default Act of 1984": $15,179.55 APPROXIMATELY, PLUS ATTORNEY FEES, FORECLOSURE COSTS AND OTHER CHARGES OR PAYMENTS WHICH BECOME DUE.

Person to contact to stop foreclosure sale: SHAPIRO & BURSON, LLP, ATTN: REINSTATEMENT/PAYOFF DEPARTMENT, 13135 LEE JACKSON HIGHWAY SUITE #201, FAIRFAX, VA 22033 (703) 449-5800 S&B#:07-114106W

(OVER)