IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| JEAN ANTOINE, | * | |
| Plaintiff, | * | |
| | | Civil Action No. 08-615 |
| v. | * | Judge Henry H. Kennedy |
| JP MORGAN CHASE BANK, *et al.*, | * | |
| Defendants. | * | |

### DEFENDANT ASIC'S ANSWER TO THE AMENDED COMPLAINT

Defendant American Security Insurance Company ("ASIC" or "Defendant"), by counsel, Quagliano & Seeger, P.C., for its answer to the Amended Complaint (Breach of Contract, Breach of Fiduciary Duty, Violation of the Fair Debt Collections Practice Act (FDCP), 15 U.S.C. 1692 and Fraud), hereinafter "Amended Complaint," filed by Plaintiff Jean Antoine ("Antoine" or "Plaintiff") states as follows:

### JURY TRIAL DEMAND

The allegations in this paragraph are Plaintiff's characterization of its case to which no response is required. To the extent a response is required, ASIC denies the allegations as they relate to ASIC.

### PARTIES

1. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 1 of the Amended Complaint.

2. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3. ASIC admits that it is a Delaware corporation with its principal place of business in Atlanta, Georgia. ASIC denies the remaining allegations in Paragraph 3 or any allegations to the contrary.

4. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, ASIC denies the allegations.

6. The allegations in Paragraph 6 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, ASIC has insufficient knowledge to admit or deny the allegations and, thus, denies the allegations.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

7-10. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraphs 7-10, and therefore, ASIC denies the allegations.

11. ASIC admits that Chase Home Finance LLC (hereinafter "Chase") placed a limited hazard insurance policy with ASIC since Plaintiff failed to provide Chase with evidence that Plaintiff's property was insured. The Residential Property Policy (hereinafter "Policy") speaks for itself and, thus, ASIC denies the allegations in Paragraph 11 of the Amended Complaint.

12. ASIC admits that under the Policy the limit of liability for the dwelling was $415,000 and the Policy premium was $3,984. The Policy speaks for itself, and thus, ASIC denies any allegations inconsistent with the foregoing.

13-14. ASIC admits that an alleged loss on April 12, 2007 was reported to ASIC on April 16, 2007, that a Public Adjuster John Watson (hereinafter "Public Adjuster") was retained by Plaintiff, and that the Public Adjuster submitted several documents to ASIC. The documents speak for themselves, and thus, ASIC denies any allegations in Paragraphs 13 and 14 inconsistent with the foregoing.

15. The documents submitted by the Public Adjuster speak for themselves, and thus, ASIC denies the allegations.

16-17. The letter dated May 29, 2007 from ASIC to Plaintiff speaks for itself, and thus, ASIC denies the allegations in Paragraphs 16 and 17.

18. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraph 18, and therefore, ASIC denies the allegations.

19. Plaintiff omitted Paragraph 19 of the Amended Complaint so there are no allegations in which to respond. To the extent that a response is required, ASIC has insufficient knowledge to admit or deny the allegations, and therefore, ASIC denies the allegations.

20-24. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraphs 20-24 and, therefore, ASIC denies the allegations.

## COUNT I
### (Breach of Contract – Defendants JP Morgan Chase Bank Home Finance, LLC)

25. ASIC incorporates by reference its responses to Paragraphs 1-24 as if fully set forth herein in their entirety.

26-30. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraphs 26-30, and therefore, ASIC denies the allegations and further denies any wrongdoing with regard to the allegations in Paragraph 28 as they relate to ASIC.

## COUNT II
### (Breach of Fiduciary Duty – Defendant JP Morgan Chase Bank Home Finance)

31. ASIC incorporates by reference its responses to Paragraphs 1-30 as if fully set forth herein in their entirety.

32-37. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraphs 32-37, and therefore, ASIC denies the allegations. With regard to the allegations in Paragraph 36, ASIC denies that Plaintiff was owed a fiduciary duty and denies that a fiduciary duty, if any, was breached in any way.

38. The documents attached as Exhibit 1 speak for themselves and, thus, ASIC denies the allegations in Paragraph 38 as they relate to ASIC. ASIC has insufficient knowledge to admit or deny the allegations in Paragraphs 38 as they relate to Plaintiff or Defendant JP Morgan Chase Bank.

## COUNT III
### (Breach of Contract – Defendant ASIC)

39. ASIC incorporates by reference its responses to Paragraphs 1-38 as if fully set forth herein in their entirety.

40-41. ASIC denies the allegations in Paragraphs 40-41. The documents attached as Exhibit 1 speak for themselves.

## COUNT IV
### (Fraud – Defendant ASIC)

42. ASIC incorporates by reference its responses to Paragraphs 1-41 as if fully set forth herein in their entirety.

43. ASIC denies the allegations in Paragraph 43 of the Amended Complaint.

44. The letter attached as Exhibit 2 speaks for itself and, thus, ASIC denies the allegations in Paragraph 44 of the Amended Complaint.

45. ASIC denies the allegations in Paragraph 45 of the Amended Complaint.

## COUNT V
### (Violation of the Fair Debt Collection Practice Act (15 U.S.C. 1692) – Defendant Shapiro & Burson)

46. ASIC incorporates by reference its responses to Paragraphs 1-45 as if fully set forth herein in their entirety.

47-50. ASIC has insufficient knowledge to admit or deny the allegations set forth in Paragraphs 47-50, and therefore, ASIC denies the allegations. The letter referenced in Paragraph 50 and attached as Exhibit 3 speaks for itself.

51. With regard to the allegations in Paragraph 51, if and as they relate to ASIC, ASIC denies the allegations. With regard to the allegations as they relate to the other parties, ASIC has insufficient knowledge to admit or deny the allegations and, therefore, ASIC denies the allegations.

52. ASIC denies all allegations not expressly admitted here.

### PRAYER FOR RELIEF

WHEREFORE, Defendant American Security Insurance Company respectfully requests that the Amended Complaint be dismissed, with prejudice; that Defendant be awarded its costs and expenses, including reasonable attorneys' fees, in defending this action; and such other or further relief as this Honorable Court deems proper and appropriate.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's fraud claim is barred because Plaintiff failed to state the claim for fraud with the requisite specificity.

3. Plaintiff's claim against ASIC is barred because ASIC complied with its contractual obligations and did not breach its contract obligations.

4. Plaintiff's claim against ASIC is barred because Plaintiff failed to comply with its contractual obligations and/or materially breached its contract by, *inter alia*, abandonment of the property.

5. Plaintiff's claims are subject to credits, offset, recoupment and/or set-off.

6. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

7. Plaintiff's claims are barred by the doctrines of payment and release.

8. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9. Plaintiff's claims are barred by the doctrine of arbitration and award.

10. Plaintiff's claims are barred by the claim resolution procedures set forth in the Policy and/or by agreement of the parties.

11. Plaintiff's claims are barred by the doctrines of contributory negligence and/or assumption of risk.

12. Plaintiff's claims are barred by the statute of limitations or limitation of action.

13. Plaintiff failed to mitigate its damages.

14. Plaintiff fails to set forth a claim for attorneys' fees or costs.

15. ASIC denies that it is indebted or liable to Plaintiff as alleged, or in any other manner.

16. ASIC reserves the right to assert all defenses that may be available based upon facts as they become known through discovery or during any trial of this matter.

**WHEREFORE**, Defendant American Security Insurance Company respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice; award Defendant its costs and expenses, including reasonable attorneys' fees, in defending this action; and such further relief as this Honorable Court deems proper.

Respectfully submitted,

QUAGLIANO & SEEGER, P.C.

/s/ *Julie Quagliano*
Julie Quagliano, DC Bar #393428
2620 P Street, NW
Washington, DC  20007
Phone: (202) 822-8838
Fax: (202) 822-6982
Email: quagliano@quagseeg.com

**Counsel for Defendant ASIC**

**[VERIFICATION ON NEXT PAGE]**

## VERIFICATION

I hereby certify under the penalties of perjury that the factual information contained in the foregoing answer is true and correct to the best of my knowledge, information and belief.

American Security Insurance Company

By: _____/s/ _E. James Kroll_____1

Its: _____Claim Director_____

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, a copy of the foregoing will be electronically filed through the Court CM/ECF system which will then send a notification of such filing (NEF) to the following:

L. Saundra White, Esq.
3540 Crain Highway
#107
Bowie, Maryland 20716
Phone: (301) 574-3547

**Counsel for Plaintiff**

Matthew P. Previn, Esq.
Buckley Kolar LLP
1250 24th Street, NW
Suite 700
Washington, DC 20037
Phone (202) 349-8000
Fax (202) 349-8080

**Counsel for Defendant JP Morgan Chase Bank**

John May, Esq.
Padraic K. Keane, Esq.
Jordan Coyne & Savits LLP

1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
Phone (202) 296-4747
Fax (202) 496-2800

**Counsel for Defendant Shapiro & Burson**

   /s/ *Julie Quagliano*
Julie Quagliano