IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN ANTOINE, <br><br> **Plaintiff,** <br><br> **v.** <br><br> JPMORGAN CHASE BANK, AMERICAN SECURITY INSURANCE COMPANY, and SHAPIRO & BURSON, LLP, <br><br> **Defendants.** | Case No. 1:08-cv-00615-HHK |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
ANSWER TO AMENDED COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by way of its Answer to Plaintiff's

Amended Complaint ("Amended Complaint"), states as follows:

**FIRST DEFENSE**

**"JURY TRIAL DEMAND"[1]**

With respect to the allegations contained in the introductory paragraph, Chase admits that

Plaintiff has filed the Amended Complaint against JPMorgan Chase Bank, American Security

Insurance Company, and Shapiro & Burson LLP for breach of contract, breach of fiduciary duty,

fraud and violation of the Fair Debt Collection Practices Act, but denies that it is liable under any

such claims.

---

[1] Although the paragraph following the "Jury Trial Demand" heading does not contain a jury trial demand, Chase denies that Plaintiff is entitled to a trial by jury as to some or all of the claims made in the Amended Complaint.

## "PARTIES"

1.      Chase admits that Plaintiff previously owned the real property located at 2706

South Dakota Avenue, NE, Washington, D.C. 20018.  Otherwise, denied.

2.      Chase states that JPMorgan Chase Bank, N.A., is a national bank with its

headquarters in Ohio, but denies the remaining allegations in the first sentence of paragraph 2.

Chase admits the second sentence of paragraph 2.

3.      Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 3.

4.      Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 4.

## "JURISDICTION AND VENUE"

5.      The allegations contained in paragraph 5 are conclusions of law to which no

response is required.  To the extent a response is required, Chase denies the allegations.

6.      The allegations contained in paragraph 6 are conclusions of law to which no

response is required.  To the extent a response is required, Chase denies the allegations.

## "ALLEGATIONS OF FACT COMMON TO ALL CLAIMS"

7.      Chase admits that JPMorgan Chase Bank, N.A. is a national bank that regularly

extends consumer credit, but denies that it originated the loan at issue in this case.

8.      With respect to the allegations in the first sentence of paragraph 8, Chase admits

that Plaintiff purchased the property located at 2706 South Dakota Avenue, NE, Washington,

D.C., as an investment property, and partially financed the purchase with a first mortgage loan

from Fremont Investment & Loan (the "Loan").  Otherwise, Chase denies the allegations in the

first sentence of paragraph 8.  With respect to the allegations contained in the second sentence of

paragraph 8, Chase admits that the Loan was evidenced, in part, by an Adjustable Rate Note (the "Note"), which is signed by Plaintiff.  The remaining allegations in the second sentence of paragraph 8 and the allegations in the third sentence of paragraph 8 are conclusions of law to which no response is required.  Otherwise, denied.

9.    With respect to the allegations in the first sentence of paragraph 9, Chase admits that, pursuant to the terms of the Note, Plaintiff's monthly payment was due the first day of each month, and that Plaintiff was subject to a late charge if the full monthly payment was not received by the end of the 15th calendar day after the first day of each month.  Otherwise, Chase denies the allegations in the first sentence of paragraph 9.  Chase admits the allegations in the second and third sentences of paragraph 9.

10.    With respect to the allegations in the first sentence of paragraph 10, Chase admits that it purchased the Loan, but states that the purchase date was November 29, 2005.  With respect to the allegations in the second sentence of paragraph 10, Chase admits that Chase Home Finance LLC obtained the servicing rights to the Loan as of March 1, 2006.  Otherwise, denied.

11.    With respect to the allegations in the first sentence of paragraph 11, Chase admits that in October 2006 the property secured by the Loan was insured by a hazard insurance policy issued by Defendant American Security Insurance Company (the "Policy").  Otherwise, Chase denies the allegations in the first sentence of paragraph 11.  With respect to the remaining allegations in paragraph 11, Chase states that the terms of the Policy speak for themselves.  To the extent the allegations in paragraph 11 contradict the terms of the Policy, Chase denies them.

12.    Chase admits that it placed the Policy after Plaintiff failed to make the payments on his original hazard insurance policy.  With respect to the remaining allegations in paragraph

12, Chase states that the terms of the Policy speak for themselves.  To the extent the allegations

in paragraph 12 contradict the terms of the Policy, Chase denies them.

13.    Admit, on information and belief.

14.    Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 14, and therefore puts Plaintiff to his proof.

15.    Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 15, and therefore puts Plaintiff to his proof.

16.    Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 16, and therefore puts Plaintiff to his proof.

17.    Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 17, and therefore puts Plaintiff to his proof.

18.    With respect to the allegations contained in the first and second sentences of

paragraph 18, Chase admits that the document attached as Exhibit 3 to the Amended Complaint

purports to be the Notice of Foreclosure sent to Plaintiff from Defendant Shapiro & Burson,

LLP, and states that the Notice of Foreclosure speaks for itself.  To the extent the allegations in

the first and second sentences of paragraph 18 contradict the Notice of Foreclosure, Chase denies

them.  Chase lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the third sentence of paragraph 18, and therefore denies them.  Chase specifically

denies that the Notice of Foreclosure was the only notice Plaintiff received that he was in default.

19.    [Omitted because the Amended Complaint does not include a paragraph 19].

20.    Chase lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 20, and therefore denies them.

21.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21, and therefore denies them.  Chase denies the allegations contained in the second sentence of paragraph 21.

22.    Chase admits that it received a check from Plaintiff in the amount of $15,179.55 on January 8, 2008.  Otherwise, denied.

23.    Chase admits that the foreclosure sale for the property occurred on January 9, 2008, but denies that Plaintiff remitted an amount sufficient to reinstate his loan.

24.    Admit.

## "COUNT I

(Breach of Contract – Defendants JPMorgan Chase Bank Home Finance, LLC (sic))"

25.    Chase hereby incorporates its responses to paragraphs 1 through 24.

26.    Denied.

27.    Chase states that the Note speaks for itself.  To the extent the allegations in paragraph 27 contradict the Note, Chase denies them.

28.    Chase denies the allegations in the first sentence of paragraph 28.  The allegations in the second sentence of paragraph 28 are statements of Plaintiff's belief to which no response is possible.  To the extent a response is required, Chase puts Plaintiff to his proof.

29.    Chase denies the allegations in the first sentence of paragraph 29.  Chase admits, on information and belief, the allegations in the second sentence of paragraph 29.  Chase denies the allegations contained in the third sentence of paragraph 29.

30.    Denied.

## "COUNT II

(Breach of Fiduciary Duty – Defendants JPMorgan Chase Bank Home Finance (sic))"

31.     Chase hereby incorporates its responses to paragraphs 1 through 30.

32.     Chase denies that it was the mortgagee for the Loan, but admits that it acquired the servicing rights to the Loan on March 1, 2006.

33.     Denied.

34.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.  To the extent the allegations suggest that Chase failed to respond to Plaintiff's inquiries, Chase specifically denies that allegation.

35.     Chase states that on January 3, 2008, Plaintiff and a Chase employee spoke by telephone and discussed the amount necessary to reinstate the Loan.  Chase denies the remaining allegations in paragraph 35.

36.     The allegations in the first sentence of paragraph 36 are conclusions of law that require no response.  To the extent a response is required, Chase denies that it owes Plaintiff any fiduciary duty, much less breached such a duty, and denies all remaining allegations in paragraph 36.

37.     Chase admits that it mailed the check in the amount of $15,179.55 back to Plaintiff, and states that the letter that accompanied the check speaks for itself.  To the extent the allegations in paragraph 37 contradict the letter, Chase denies them.  Otherwise, denied.

38.     Chase admits that it did not remit to Plaintiff the repair or replacement funds it received from Defendant American Security Insurance Company.  Otherwise, denied.

**"COUNT III**

(Breach of Contract – Defendant American Security Insurance Company)"

39.     Chase hereby incorporates its responses to paragraphs 1 through 38.

40.     The allegations in paragraph 40 are conclusions of law that require no response, but to the extent a response is required, for lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations.

41.     The allegations in paragraph 41 are conclusions of law that require no response, but to the extent a response is required, for lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations.

**"COUNT IV**

(Fraud – Defendant American Security Insurance Company)"

42.     Chase hereby incorporates its responses to paragraphs 1 through 41.

43.     For lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations in paragraph 43.

44.     For lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations in paragraph 44.

45.     The allegations in the first sentence of paragraph 45 are conclusions of law that require no response, but to the extent a response is required, for lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations.  For lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the remaining allegations in paragraph 45.

**"COUNT V**

(Violation of Fair Debt Collection Practice (sic) Act (15 U.S.C. 1692) – Defendant Shapiro & Burson"

46.     Chase hereby incorporates its responses to paragraphs 1 through 45.

47.     For lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations in paragraph 47.

48.     The allegations in paragraph 48 are conclusions of law that require no response, but to the extent a response is required, for lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations.

49.     The allegations in paragraph 49 are conclusions of law that require no response, but to the extent a response is required, for lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations.

50.     The allegations in paragraph 50 are conclusions of law that require no response, but to the extent a response is required, for lack of knowledge or information sufficient to form a belief as to their truth, Chase denies the allegations.

51.     Chase denies that it breached any contract of purported fiduciary duty with Plaintiff, or that it made any misrepresentation or fraudulent statement to Plaintiff, or that it engaged in any illegal foreclosure of the Property, or that it violated the Fair Debt Collection Practices Act, and therefore denies that it is responsible for any of the injuries alleged in paragraph 51.

**"PRAYER FOR RELIEF"**

With respect to the prayer for relief set forth following paragraph 51, Chase denies that Plaintiff is entitled to the requested relief.

## SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Amended Complaint fails to allege the elements of, or state a claim for, breach of

contract.

## FOURTH DEFENSE

The Amended Complaint fails to state a claim for breach of fiduciary duty.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by *res judicata*.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by principles of estoppel, collateral estoppel,

release, claim preclusion, waiver or similar concepts.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean

hands and/or other equitable doctrines.

## EIGHTH DEFENSE

Chase has engaged in no conduct entitling Plaintiff to attorneys' fees.

## NINTH DEFENSE

Any injury or damage to Plaintiff is offset by amounts owed by him to Chase and/or its

successors or assignees.

## TENTH DEFENSE

Chase reserves the right to assert counterclaims against Plaintiff.

### ELEVENTH DEFENSE

Chase is not liable or responsible for any of the alleged acts or omissions of the other defendants in this case.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of the acts of third parties over whom Chase had no control and is not responsible.

### THIRTEENTH DEFENSE

Plaintiff's damages, if any, were proximately caused in whole or in part or were contributed to by reason of Plaintiff's own fault, want of due care, or other conduct.

### FOURTEENTH DEFENSE

Plaintiff cannot recover some or all of his alleged damages because he has failed to mitigate those damages, if any, and/or otherwise incurred damages as a consequence of his own actions or inactions for which Chase is not legally responsible.

### FIFTEENTH DEFENSE

Chase hereby gives notice that it intends to and will rely upon such other and further defenses as may become apparent during the course of this action.  Chase states that its investigation continues.

WHEREFORE, Chase prays that the Amended Complaint and every claim therein against it be dismissed with prejudice, that judgment be entered in Chase's favor in all respects, and that Chase be awarded its costs, expenses, attorneys' fees, and such other relief in its favor as the Court may deem equitable and just.

Dated: May 19, 2008

Respectfully submitted,

_____/s/_____

Matthew P. Previn, Esq. (#460228)
BUCKLEY KOLAR LLP
1250 24th Street, NW, Suite 700
Washington, DC  20037
202-349-8000 (telephone)
202-349-8080 (facsimile)
*Counsel for Defendant JPMorgan Chase
Bank, N.A.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 19, 2008, a copy of the foregoing filed electronically through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_____/s/_____

Matthew P. Previn