## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEAN ANTOINE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00615-HHK |
| | ) | |
| J.P. MORGAN CHASE BANK, | ) | |
| AMERICAN SECURITY INSURANCE | ) | |
| COMPANY, and SHAPIRO & BURSON, | ) | |
| LLP, | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANT SHAPIRO & BURSON, LLP'S MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Defendant Shapiro & Burson, LLP ("S&B"), by counsel, hereby moves to dismiss the

Complaint in this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As

support for this Motion, S&B states that Plaintiff has failed to state a claim upon which relief can

be granted as to the claims raised in the Complaint.  As additional support for the present

Motion, S&B respectfully refers this Honorable Court to the attached Memorandum of Points

and Authorities.

\*                    \*                    \*

Respectfully submitted,

JORDAN COYNE & SAVITS, LLP

By: _____

    John Tremain May # 294199
    Padraic K. Keane # 486285
    1100 Connecticut Avenue NW
    Suite 600
    Washington, D.C. 20036
    (202) 296-4747
    Fax: (202) 496-2800

*Counsel for Defendant Shapiro & Burson, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Motion to Dismiss were electronically filed and mailed, first class and postage pre-paid, on this 19th day of May, 2008, to:

> L. Saundra White, Esq.
> 3540 Crain Highway, #107
> Bowie, MD  20716
> *Counsel for Plaintiff*
>
> Julie Ann Quagliano
> QUAGLIANO & SEEGER, PC
> 2620 P Street NW
> Washington, DC 20007
> *Counsel for Defendant American Security Ins. Co.*
>
> Matthew P. Previn, Esq.
> BUCKLEY KOLAR, LLP
> 1250 24th Street, NW, Suite 700
> Washington, D.C. 20037
> *Counsel for Defendant JP Morgan Chase Bank*

_____
John Tremain May

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEAN ANTOINE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00615-HHK |
| | ) | |
| J.P. MORGAN CHASE BANK, | ) | |
| AMERICAN SECURITY INSURANCE | ) | |
| COMPANY, and SHAPIRO & BURSON, | ) | |
| LLP, | ) | |
| | ) | |
| Defendants | ) | |

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
DEFENDANT SHAPIRO & BURSON, LLP'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Defendant Shapiro & Burson, LLP ("S&B"), by and through undersigned counsel, hereby

submits this Memorandum of Points & Authorities in Support of S&B's Motion to Dismiss for

failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    SUMMARY OF FACTS[1]

On or about July 15, 2005, the Plaintiff entered into loan transactions in order to purchase

real property located at 2706 South Dakota Avenue, NE, Washington, D.C.  Plaintiff assumed

two separate mortgages at that time.  On or about March 1, 2006, one of the two mortgages was

sold to defendant JP Morgan Chase Bank.  See Complaint at ¶¶ 8-11.

While not specifically set forth in the Complaint, it appears that Plaintiff failed to make

---

[1]  S&B recognizes that, pursuant to Rule 12(b)(6), S&B must assume for the purposes of
this Motion that the facts pled in the Complaint are true.  This Summary of Facts is intended to
provide the Court with background information and not to controvert those properly pleaded
facts that appear in the Complaint.

an extended number of payments on one or both mortgages, beginning at some point in mid-

2007.  On November 13, 2007, S&B sent copies of a letter and Fair Debt Collection Practices

Act notices to Plaintiff, informing Plaintiff that defendant JP Morgan Chase Bank had instructed

S&B to foreclose the loan on 2706 South Dakota Avenue, NE.  See Letters from Law Offices of

Shapiro & Burson, LLP to Jean R. Antoine, dated November 13, 2007 (attached hereto as Exhibit

1).  In that letter, S&B explicitly advised Plaintiff of his rights under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, including: (1) the amount of the debt; (2) the identity of the

creditor; (3) the Plaintiff's right to dispute the debt within 30 days, and the Plaintiff's right to

request the name of the original creditor; (4) the Plaintiff's right to obtain verification of the debt

and/or the name and address of the original creditor, should the Plaintiff dispute the debt within

30 days; and (5) that the debt would be assumed valid if not disputed within 30 days.  See

Exhibit 1 at pp. 2, 5, and 8.  S&B also informed Plaintiff that due to "interest, late charges, and

other charges that may vary from day to day, the total amount due on the day you pay may be

greater."  Id.

On November 20, 2007, S&B sent a Notice of Foreclosure Sale of Real Property to

Plaintiff, advising Plaintiff that the property located at 2706 South Dakota Avenue, NE would be

sold at a foreclosure sale on January 9, 2008.  See Notice of Foreclosure Sale dated November

20, 2007 (attached hereto as Exhibit 2); see also Affidavit of John Burson (attached hereto as

Exhibit 3).  In that notice, S&B advised Plaintiff that the loan in question could be reinstated for

"$15,179.55 APPROXIMATELY, PLUS ATTORNEY'S FEES, FORECLOSURE COSTS AND

OTHER CHARGES OR PAYMENTS THAT BECOME DUE."  Exhibit 2 (emphasis in

original).

Plaintiff claims to have received this Notice of Foreclosure "on or around the latter part of December 2007 . . ." Complaint at ¶ 18, and attempted to contact S&B via telephone on "numerous occasions." Complaint at ¶ 20. Shortly thereafter, Plaintiff contacted defendant JP Morgan Chase Bank and was informed the loan could be reinstated for the amount set forth on the Foreclosure Notice. Plaintiff claims to have issued a check to defendant JP Morgan Chase Bank in the amount of $15,179.55 However, defendant JP Morgan Chase Bank allegedly proceeded with the foreclosure sale, and returned the check to Plaintiff, indicating the amount of the check was insufficient to reinstate the loan. Complaint at ¶¶ 21-24.

Plaintiff sets forth one count in the Complaint (COUNT V) as to S&B, alleging that S&B violated the Fair Debt Collection Practices Act by (1) failing to return any of Plaintiff's telephone calls, (2) failed to correspond with Plaintiff by any means, and (3) failed to inform Plaintiff of additional foreclosure costs, including attorneys fees, needed to reinstate the loan; (4) failing to acknowledge Plaintiff's dispute with respect to the default amount, and (5) failing to provide Plaintiff with the written notice required by the Fair Debt Collection Practices Act. Complaint at ¶¶ 48-50.

## II.    Standard of Review

Dismissal under Fed. R. Civ. P. 12(b)(6) requires the Court to take the allegations of the Complaint as true and liberally construe them in favor of the plaintiff. See Major v. Plumbers Local Union No. 5, 370 F. Supp. 2d 118, 123 (D.D.C. 2005) (citation omitted). However, conclusory factual and legal allegations need not be considered by the Court. See Domen v. National Rehab. Hosp., 925 F. Supp. 830 (D.D.C. 1996). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted only if it appears beyond doubt that the plaintiff cannot prove

-3-

any set of facts in support of his claims which would entitle him to relief.  <u>Major</u>, 370 F. Supp.

2d at 123.  However, the court is "not bound to accept as true a legal conclusion couched as a

factual allegation."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).  In this case,

even taking the pleaded facts as true and liberally construing those facts in favor of the Plaintiff,

the Plaintiff's Complaint fails to state a claim upon which relief may be granted, as S&B

complied with its obligations under the Fair Debt Collection Practices Act.

**III.    Argument**

  **1. Defendant sent the required Fair Debt Collection Practices Act notice to Plaintiff.**

  The Fair Debt Collection Practices Act ("FDCPA") was created in order to prevent

abusive, deceptive, and unfair debt collection practices.  <u>See</u> 15 U.S.C. § 1692.  However, in

addition to prohibiting certain conduct (such as use of threats of violence, or harassing telephone

calls), the FDCPA requires that a debt collector, such as S&B, provide a written notice to a

defaulted borrower (referred to as a "consumer" under the FDCPA).  That notice must set forth:

  (1) the amount of the debt;

  (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by

the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-

day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

In this matter, S&B mailed FDCPA notices on November 13, 2007 to the Plaintiff at three separate addresses: 2706 South Dakota Avenue, NE; 11301 Classical Lane, Silver Spring, Maryland; [2] and 8300 26th Place, Hyattsville, MD. Each of those notices set forth the information required by the FDCPA. To wit, the notices mailed to the Plaintiff on November 13, 2007 set forth:

(1)    The amount of the debt (15 U.S.C. § 1692(g)(a)(1));

(2)    The name of the creditor to whom the debt is owed (15 U.S.C. § 1692(g)(a)(2));

(3)    That Plaintiff was entitled, if Plaintiff chose, to dispute the debt within 30 days– and that otherwise, the debt would be assumed valid (15 U.S.C. § 1692(g)(a)(3);

(4)    That if the Plaintiff notified S&B within 30 days, S&B would obtain verification of the debt (15 U.S.C. § 1692(g)(a)(4); and

(5)    That Plaintiff had the right to request the name and address of the original creditor, if different from the current creditor. (15 U.S.C. § 1692(a)(5).

See Exhibit 1 at 2, 4 and 6.

It is important to recognize that the FDCPA does not require a debt collector, such as

---

[2] S&B notes that the 11301 Classical Lane address is the address Plaintiff identifies as his current address on the Complaint.

S&B, to demonstrate receipt or acknowledgment of such a notice by a debtor, such as Plaintiff. Rather, all that the FDCPA requires is that such an notice be "sent." *See Laprade v. Abramson*, 1997 U.S. Dist. LEXIS 9009, * 15 (D.D.C. 1997) (noting that whether "the plaintiff failed to receive the notice is irrelevant– it is the mailing of the notice, and not the receipt by the debtor, that provides compliance with [the FDCPA]."); *Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (holding that FDCPA does not require "communication," but rather only requires that notification be "sent.").

In light of the foregoing, it is clear that S&B complied with its notice obligations under the FDCPA via the November 13, 2007 letters, and as such the Plaintiff will not be able to recover on the allegations pertaining to the FDCPA notice requirements as set forth in the Complaint. Thus, Plaintiff's allegation that S&B failed to "provide" the FDCPA notice fails to state a claim under the FDCPA. Instead, Plaintiff would required to allege that S&B failed to *send* the notice. Plaintiff could not, in good faith, make such an allegation in the face of the clear documentary evidence that the notice was sent. Plaintiff has no personal knowledge as to whether the required notice was sent or not. To remove all doubt, Defendant has attached a computerized log demonstrating that the mailings were sent out, via first-class mail, on November 13, 2007, as well as images of the envelopes containing the notices which were returned as undeliverable. Notably, the third envelope was not returned. These documents as attached as Exhibit 4.

Therefore, even if one assumes that the allegation that Plaintiff never received the FDCPA notices is true, that fact does not establish a violation of the FDCPA. Instead, Plaintiff's cause of action in this regard is dependent on the FDCPA notices never having been sent.

Because Plaintiff has not alleged such a failure to send the FDCPA notices, Plaintiff's claim for relief fails as a matter of law.

**2.    The FDCPA did not require the Defendant to provide Plaintiff with the amount needed to reinstate the loan.  Even if the FDCPA did require as much, the Plaintiff was provided with that information.**

First, the FDCPA did not require S&B to provide the reinstatement amount, or any other information other than a verification of the debt.  Moreover, the act only requires S&B to provide such verification upon notification from the Plaintiff that the debt was disputed within the required 30 day period after receipt of the notice.  See 15 U.S.C. § 1692g(a)(4); see also Taylor v. Calvary Investments, Inc., 210 F. Supp. 2d 1001, 1003 (N.D. Ill. 2002) (noting that a debt collector is required to state the total amount of the debt, and "not just a partial amount, such as the unpaid balance").  Because the FDCPA does not impose a duty to "inform Plaintiff of the additional foreclosure cost," nor to inform Plaintiff of the total amount required to reinstate the loan, Plaintiff does not properly assert a violation of the FDCPA, and Plaintiff's claim must fail as a matter of law.

However, even if the FDCPA did require that Defendant provide Plaintiff with the amount required to reinstate the loan, Defendant did provide that information in a mailing that Plaintiff concedes receiving. In the Notice of Foreclosure, which Plaintiff admits receiving,[3] S&B set forth the amount required to reinstate the loan as $15,179.55, "APPROXIMATELY, PLUS ATTORNEY'S FEES, FORECLOSURE COSTS AND OTHER CHARGES OR PAYMENTS

---

[3] See Complaint at ¶ 18 (alleging receipt of the Notice of Foreclosure "on or around the latter part of December 2007").

-7-

THAT BECOME DUE." Exhibit 2 (emphasis in original). As such, Plaintiff was explicitly informed of the amount required, and was further explicitly advised that depending on the day on which the reinstatement amount was paid, additional fees, including attorneys' fees, could be assessed. See Taylor, 210 F. Supp. 2d at 1003 (granting summary judgment to defendant debt collector where plaintiff claimed that FDCPA notice failed to set forth exact amount owed, but where notice set forth that the amount could increase due to "accrued interest or other charges").

**3.    Plaintiff does not allege that he disputed the debt within the 30 days period.**

Plaintiff alleges that, on or around the latter part of December, 2007, Plaintiff attempted to contact S&B personnel, but did not actually speak to anyone and merely left a telephone number. Complaint at ¶¶ 18, 20. Assuming, without conceding, that such contact constitutes notification that the debt is disputed, Plaintiff has failed to allege that this contact was made within the 30 day period required by the FDCPA. Indeed, the facts suggest otherwise, as the Notice was mailed on November 13, 2007. In the absence of an allegation that the Plaintiff actually contacted S&B to dispute the debt within the 30 day period, Plaintiff cannot assert a violation of §1692g(b) of the FDCPA.

In addition, the FDCPA contains no provision requiring a debt collector to engage in "correspondence" with a debtor such as Plaintiff. The FDCPA prohibits certain conduct, and requires certain notifications, but does not contain any provision requiring a debt collector to "correspond" with the debtor. For example, the FDCPA requires that a debt collector cease collection of a debt in the event the debt is disputed, and even then the collection activities may resume once the required information is provided to the debtor. See 15 U.S.C. § 1692(g)(b). However, there is no provision of the FDCPA that requires "correspondence" with a debtor.

-8-

Thus, Plaintiff's allegation that S&B failed to "correspond" with Plaintiff must also fail as a matter of law, as the FDCPA imposes no such duty on S&B.  See, e.g., Mahon, 171 F.3d at 1201 (noting that the plain language of the FDCPA does not require an "interactive exchange" between debt collector and debtor).

### III.    Conclusion

S&B respectfully submits that in the light of the foregoing, it is clear that S&B demonstrate that S&B is entitled to judgment as a matter of law in this matter, as Plaintiff's well-pleaded facts, taken as true, do not establish any violation of the FDCPA.  S&B sent Plaintiff the required notifications under the FDCPA, provided the total debt amount, and even provided Plaintiff with the amount required to reinstate the loan (which Defendant was not required to do under the FDCPA), with the caveat that the actual amount could be different due to attorneys' fees and other costs and fees associated with the foreclosure process.  Nor does Plaintiff properly allege that he disputed the debt within the 30 day time period.  As such, S&B respectfully submits that it is entitled to judgment as a matter of law, as Plaintiff has failed to state any claim as to S&B upon which relief may be granted.

WHEREFORE, for the foregoing reasons, Defendant Shapiro & Burson LLP respectfully moves this Honorable Court to dismiss, with prejudice, those portions of the Complaint that relate to Shapiro & Burson LLP, and for such additional relief as this Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE & SAVITS, LLP

By: _____
John Tremain May # 294199
Padraic K. Keane # 486285
1100 Connecticut Avenue NW
Suite 600
Washington, D.C. 20036
(202) 296-4747
Fax: (202) 496-2800

*Counsel for Defendant Shapiro & Burson, LLP*

# EXHIBIT 1

# *Law Offices*
## *of*
# *Shapiro & Burson, LLP*

November 13, 2007

JEAN R. ANTOINE
11301 CLASSICAL LN
Silver Spring, MD 20901

RE    Property Address: 2706 SOUTH DAKOTA AVE, N.E., WASHINGTON, DC 20018
      Mortgage Lender: CHASE MANHATTAN MORTGAGE
      Loan # 22448781
      S&B # 07-114106W

SEE IMPORTANT NOTICE ATTACHED AS PAGE TWO (2)

Dear Mortgagors:

We have received from your mortgage lender instructions to foreclose the loan on the above property. We will send notice of the date of the trustee's sale as required by the law of your jurisdiction.

You may have the right to stop the foreclosure sale by bringing your loan current. That is, you must pay all of your past-due mortgage payments and late charges and you must pay all fees and costs associated with foreclosure.

You have the right to pay off the entire loan principal balance and interest and all charges due, including all fees and costs to stop the foreclosure.

If you do want to pay off or bring current your loan and prevent the loss of your property, you must call the Reinstatement Department at (703) 449-5840 or send an Internet E-mail to FIGURES.VA@LOGS.COM to request exact figures. These figures must be computed and confirmed with the mortgage lender so allow time for us to confirm them and call you back. To obtain pay-off figures, we must have a written request sent to this office including the settlement date. Your written pay-off request may be faxed to this office at (703) 449-5850 (attention Reinstatement Department).

You must make payment by certified or cashier's check. Personal checks, money orders and third party checks will NOT be accepted. Make checks payable to SHAPIRO & BURSON, LLP. The figure you are given will be good only until the date given to you. Payment must be received in our office on or before that date by 4:00 p.m. or payment will be insufficient and will not be accepted.

**If you believe that you are protected by the SOLDIER'S AND SAILOR'S CIVIL RELIEF ACT please contact us immediately. If you desire protection by virtue of your service in the Armed Forces of the United States, please contact us.**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER.

# *Law Offices*
## *of*
## *Shapiro & Burson, LLP*

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq.**

The law firm of Shapiro & Burson, LLP has been retained to initiate foreclosure proceedings to foreclose the mortgage on your property. The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

1.      As of November 10, 2007, our client has advised us that the amount of the debt is $314,478.78.

2.      The creditor to whom the debt is owed is CHASE MANHATTAN MORTGAGE.

3.      The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, our client CHASE MANHATTAN MORTGAGE. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter. Unless you dispute the validity of the debt within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by this firm.

4.      If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from our client, CHASE MANHATTAN MORTGAGE, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

5.      The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before we initiate foreclosure proceedings to foreclosure on your mortgage. In the event we do initiate foreclosure proceedings to foreclose on your mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, our client CHASE MANHATTAN MORTGAGE.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (703) 449-5840.

Any written requests or disputes should be addressed to:
Fair Debt Attorney
Reinstatement/Payoff Department
Shapiro & Burson, LLP, 13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033

Phone:703-449-5800
E-mail: FIGURES.VA@LOGS.COM

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER.

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

# *Law Offices*
## *of*
## *Shapiro & Burson, LLP*

November 13, 2007

JEAN R. ANTOINE
8300 26TH PL
Hyattsville, MD 20783

RE:    Property Address: 2706 SOUTH DAKOTA AVE, N.E., WASHINGTON, DC 20018
       Mortgage Lender: CHASE MANHATTAN MORTGAGE
       Loan # 22448781
       S&B # 07-114106W

SEE IMPORTANT NOTICE ATTACHED AS PAGE TWO (2)

Dear Mortgagors:

We have received from your mortgage lender instructions to foreclose the loan on the above property. We will send notice of the date of the trustee's sale as required by the law of your jurisdiction.

You may have the right to stop the foreclosure sale by bringing your loan current. That is, you must pay all of your past-due mortgage payments and late charges and you must pay all fees and costs associated with foreclosure.

You have the right to pay off the entire loan principal balance and interest and all charges due, including all fees and costs to stop the foreclosure.

If you do want to pay off or bring current your loan and prevent the loss of your property, you must call the Reinstatement Department at (703) 449-5840 or send an Internet E-mail to FIGURES.VA@LOGS.COM to request exact figures. These figures must be computed and confirmed with the mortgage lender, so allow time for us to confirm them and call you back. To obtain pay-off figures, we must have a written request sent to this office including the settlement date. Your written pay-off request may be faxed to this office at (703) 449-5850 (attention Reinstatement Department)

You must make payment by certified or cashier's check. Personal checks, money orders and third party checks will NOT be accepted. Make checks payable to SHAPIRO & BURSON, LLP. The figure you are given will be good only until the date given to you. Payment must be received in our office on or before that date by 4:00 p.m. or payment will be insufficient and will not be accepted.

**If you believe that you are protected by the SOLDIER'S AND SAILOR'S CIVIL RELIEF ACT please contact us immediately. If you desire protection by virtue of your service in the Armed Forces of the United States, please contact us.**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

# *Law Offices*
## *of*
# *Shapiro & Burson, LLP*

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq.**

The law firm of Shapiro & Burson, LLP has been retained to initiate foreclosure proceedings to foreclose the mortgage on your property. The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

1.      As of November 10, 2007, our client has advised us that the amount of the debt is $314,476.78.

2.      The creditor to whom the debt is owed is CHASE MANHATTAN MORTGAGE.

3.      The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, our client CHASE MANHATTAN MORTGAGE. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter. Unless you dispute the validity of the debt within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by this firm.

4.      If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from our client, CHASE MANHATTAN MORTGAGE, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

5.      The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before we initiate foreclosure proceedings to foreclosure on your mortgage. In the event we do initiate foreclosure proceedings to foreclose on your mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, our client CHASE MANHATTAN MORTGAGE.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (703) 449-5840

Any written requests or disputes should be addressed to:
Fair Debt Attorney
Reinstatement/Payoff Department
Shapiro & Burson, LLP, 13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033

Phone: 703-449-5800
E-mail: FIGURES.VA@LOGS.COM

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033
(703) 449-5800   Facsimile (703) 449-5850

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

# *Law Offices*
## *of*
# *Shapiro & Burson, LLP*

November 13, 2007

JEAN R. ANTOINE
2706 SOUTH DAKOTA AVE, N.E.
Washington, DC 20018


RE.    Property Address: 2706 SOUTH DAKOTA AVE, N.E., WASHINGTON, DC 20018
      Mortgage Lender: CHASE MANHATTAN MORTGAGE
      Loan # 22448781
      S&B # 07-114106W

### SEE IMPORTANT NOTICE ATTACHED AS PAGE TWO (2)

Dear Mortgagors:

We have received from your mortgage lender instructions to foreclose the loan on the above property. We will send notice of the date of the trustee's sale as required by the law of your jurisdiction.

You may have the right to stop the foreclosure sale by bringing your loan current. That is, you must pay all of your past-due mortgage payments and late charges and you must pay all fees and costs associated with foreclosure.

You have the right to pay off the entire loan principal balance and interest and all charges due, including all fees and costs to stop the foreclosure

If you do want to pay off or bring current your loan and prevent the loss of your property, you must call the Reinstatement Department at (703) 449-5840 or send an Internet E-mail to FIGURES.VA@LOGS.COM to request exact figures. These figures must be computed and confirmed with the mortgage lender, so allow time for us to confirm them and call you back. To obtain pay-off figures, we must have a written request sent to this office including the settlement date. Your written pay-off request may be faxed to this office at (703) 449-5850 (attention Reinstatement Department).

You must make payment by certified or cashier's check. Personal checks, money orders and third party checks will NOT be accepted. Make checks payable to SHAPIRO & BURSON, LLP. The figure you are given will be good only until the date given to you. Payment must be received in our office on or before that date by 4:00 p.m. or payment will be insufficient and will not be accepted.

**If you believe that you are protected by the SOLDIER'S AND SAILOR'S CIVIL RELIEF ACT please contact us immediately. If you desire protection by virtue of your service in the Armed Forces of the United States, please contact us.**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033
(703) 449-5800   Facsimile (703) 449-5850

# *Law Offices*
## *of*
# *Shapiro & Burson, LLP*

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq.**

The law firm of Shapiro & Burson, LLP has been retained to initiate foreclosure proceedings to foreclose the mortgage on your property.  The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

1.    As of November 10, 2007, our client has advised us that the amount of the debt is $314,478.78.

2.    The creditor to whom the debt is owed is CHASE MANHATTAN MORTGAGE.

3.    The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof within thirty (30) days of your receipt of this letter.  The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, our client CHASE MANHATTAN MORTGAGE.  If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter.  Unless you dispute the validity of the debt within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by this firm.

4.    If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from our client, CHASE MANHATTAN MORTGAGE, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

5.    The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before we initiate foreclosure proceedings to foreclosure on your mortgage.  In the event we do initiate foreclosure proceedings to foreclose on your mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, our client CHASE MANHATTAN MORTGAGE.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, call (703) 449-5840.

Any written requests or disputes should be addressed to:
Fair Debt Attorney
Reinstatement/Payoff Department
Shapiro & Burson, LLP  13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033

Phone:703-449-5800
E-mail: FIGURES.VA@LOGS.COM

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

NO DEBT COLLECTION ATTEMPT WILL BE MADE IN VIOLATION OF THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362(a), OR OF ANY BANKRUPTCY DISCHARGE OR BANKRUPTCY COURT ORDER

13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033
(703) 449-5800  Facsimile (703) 449-5850

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

# EXHIBIT 2

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF TAX AND REVENUE



## NOTICE OF FORECLOSURE SALE OF REAL PROPERTY
## OR CONDOMINIUM UNIT

(Pursuant to Public Law 90-566, approved October 12, 1968)

TO:   (List name and address of each owner of the real property encumbered
by said deed of trust, mortgage, or security instrument)

JEAN R. ANTOINE
2706 SOUTH DAKOTA AVENUE, N.E.,
Washington, DC 20018

**Certified Article Number**
7160 3901 9845 3469 5011

JEAN R. ANTOINE
11301 CLASSICAL LANE
Silver Spring, MD 20901

**Certified Article Number**
7160 3901 9845 3469 5035

JEAN R. ANTOINE
8300 26TH PLACE
Hyattsville, MD 20783

**Certified Article Number**
7160 3901 9845 3469 5028

**SENDERS RECORD**

FROM:   SHAPIRO & BURSON, LLP        PHONE: (703) 449-5800

YOU ARE HEREBY NOTIFIED THAT IN ORDER TO SATISFY THE DEBT SECURED
BY THE DEED OF TRUST, MORTGAGE OR OTHER SECURITY INSTRUMENT, THE
REAL PROPERTY OR CONDOMINIUM UNIT HEREIN DESCRIBED WILL BE SOLD
AT A FORECLOSURE SALE TO BE HELD ON January 9, 2008 at 1:40 p.m.,
AT THE OFFICE OF NATIONAL REO AUCTIONS, INC., 3402 CONNECTICUT
AVENUE, N.W., WASHINGTON, D.C. 20008.  THIS SALE DATE IS SUBJECT
TO POSTPONEMENT FOR A PERIOD NOT TO EXCEED THIRTY (30) CALENDAR
DAYS FROM THE ORIGINAL DATE OF FORECLOSURE SALE, AFTER WHICH TIME
THIS NOTICE OF FORECLOSURE SALE SHALL EXPIRE.

Security Instrument recorded in the Land Records of the District of Columbia
at the Recorder of Deeds on July 29, 2005 as Instrument No. 2005105667.

Maker(s) of Note secured by the Instrument:
    JEAN R. ANTOINE
    Address: 11301 CLASSICAL LANE, SILVER SPRING, MD 20901
    Phone: 301-793-4800

Description of Property:  RESIDENTIAL DWELLING/CONDOMINIUM UNIT
Address: 2706 SOUTH DAKOTA AVENUE, N.E., Washington, DC 20018
Lot & Square No.: 0011 / 4343

Holder of Note:
    U.S. BANK NATIONAL ASSOCIATION
    C/O CHASE HOME FINANCE, LLC
    10790 Rancho Bernardo Rd
    San Diego, California 92127
    Phone: 966-265-6659

Balance owed on the note:  $314,910.23 APPROXIMATELY, PLUS ATTORNEY FEES,
FORECLOSURE COSTS AND OTHER CHARGES OR PAYMENTS WHICH BECOME DUE.

Minimum balance required to cure default obligation pursuant to D.C. Law 5-82
"Right to Cure a Residential Mortgage Foreclosure Default Act of 1984":
$15,179.55 APPROXIMATELY, PLUS ATTORNEY FEES, FORECLOSURE COSTS AND OTHER
CHARGES OR PAYMENTS WHICH BECOME DUE.

Person to contact to stop foreclosure sale:  SHAPIRO & BURSON, LLP, ATTN:
REINSTATEMENT/PAYOFF DEPARTMENT, 13135 LEE JACKSON HIGHWAY SUITE #201,
FAIRFAX, VA 22033 (703) 449-5800   S&B#:07-114106W

(OVER)

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

I hereby certify that a Notice of Foreclosure Sale was sent to the present owner(s) of the real property encumbered by said deed of trust, mortgage, or other security instrument described above, by certified mail, return receipt required on this 20th day of November 2007 ; and I further certify that I understand that Public Law 90-566 prohibits any foreclosure sale under a power of sale provision contained in any deed of trust, mortgage, or other security instrument until after the owner(s) of the real property encumbered by said deed of trust, mortgage, or security instrument has been given written notice of such sale, and the Recorder of Deeds, D.C. has received a copy of such notice at least 30 days in advance of such sale.

20th day of November , 2007            _Cristy W. Lavlin_
(Date)                                 (Signature of the Noteholder or his agent)


I, Michele Body, a Notary Public in and for the Commonwealth of Virginia, DO HEREBY CERTIFY THAT Cristy W. Lavlin party to this Notice of Foreclosure Sale bearing date on the 20th day of November , 2007 personally appeared before me and executed the said Notice of Foreclosure Sale and acknowledged the same to be his act and deed.

Given under my hand and seal this 20th day of November , 2007

                                       _Michele Body_
                                       Notary Public

RETURN TO:
SHAPIRO & BURSON, LLP
13135 Lee Jackson Highway, Suite 201
Fairfax, Virginia 22033

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEAN ANTOINE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00615-HHK |
| | ) | |
| J.P. MORGAN CHASE BANK, | ) | |
| AMERICAN SECURITY INSURANCE | ) | |
| COMPANY, and SHAPIRO & BURSON, | ) | |
| LLP, | ) | |
| | ) | |
| Defendants | ) | |

### DECLARATION OF JOHN BURSON

I, John Burson, being over the age of eighteen (18) years and otherwise competent to testify as to the matters stated herein, declare and state as follows:

1.  At all times relevant to the above-captioned lawsuit, I have been a principal in the firm of Shapiro & Burson, LLP, a defendant in this matter.

2.  I have personal knowledge of the facts stated herein.

3.  The documents attached to Defendant's Motion to Dismiss as Exhibit 1 are true and correct copies of the notices mailed to Plaintiff on November 13, 2007.

4.  The documents attached to Defendant's Motion to Dismiss as Exhibit 2 are true and correct copies of the notices mailed to Plaintiff on November 20, 2007.

5.  The documents attached to Defendant's Motion to Dismiss as Exhibit 4 are true and correct copies of the certified mail tracking software utilized by Shapiro & Burson, LLP in the ordinary course of business, and true and correct copies of the returned envelopes which were

Page 1 of 2

sent to Plaintiff on November 13, 2007.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE

UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on ___May 16___, 2008.

John Burson, Esq.

# EXHIBIT 4

## Transaction Detail

**CertifiedPro™**

Shapiro and Burson

  Leanna Kennebeck

  Logout

**SEARCH**

  Transactions
  Contacts

**REPORTS**

  Returns

**ADMINISTRATION**

  Change Password

**INFORMATION**

  Outsourcing Solutions
  Walz Postal Products
  Company Info
  Contact Walz
  Privacy Policy

**Recipient**

JEAN ANTOINE
11301 CLASSICAL LN
SILVER SPRING, MD 20901-5022

**Transaction Information**

| Mail Service: | First Class | Postage Fees: | $0.41 |
|---|---|---|---|
| Service Options: | | | |
| Tracking Number: | 2205966413 | | |
| Reference Number: | I07-114106WA1 | | |

### Transaction History

| Date | Event Description | Detail |
|---|---|---|
| 11/13/2007 3:58 PM | Mailed | Walz Mailbook Batch# 213180 |
| 11/13/2007 11:48 AM | Printed | 6 pages, Walz Print Batch# 235849 |
| 11/13/2007 10:55 AM | Imported | Client Import File: "I07-114106WA.txt" Walz Import Batch#: 289692 |

< >

### Transaction Images

| Download | View | Description |
|---|---|---|
| 💾 | 🖼 | Letter Image 29899021.tif |

< >

Print this page



**Copyright © 2004 Walz Certified Mail Solutions**

## Transaction Detail

**CertifiedPro™**

Shapiro and Burson

Leanna Kennebeck

Logout

**SEARCH**

Transactions
Contacts

**REPORTS**

Returns

**ADMINISTRATION**

Change Password

**INFORMATION**

Outsourcing Solutions
Walz Postal Products
Company Info
Contact Walz
Privacy Policy

**Recipient**

JEAN ANTOINE
8300 26TH PL
HYATTSVILLE, MD 20783-1705

**Transaction Information**

| | | | |
|---|---|---|---|
| Mail Service: | First Class | Postage Fees: | $0.41 |
| Service Options: | | | |
| Tracking Number: | 2205966414 | | |
| Reference Number: | I07-114106WA2 | | |

### Transaction History

| Date | Event Description | Detail |
|---|---|---|
| 1/15/2008 9:53 AM | Returned | Unclaimed |
| 11/13/2007 3:58 PM | Mailed | Walz Mailbook Batch#: 213180 |
| 11/13/2007 11:48 AM | Printed | 6 pages, Walz Print Batch#: 235849 |
| 11/13/2007 10:55 AM | Imported | Client Import File: "I07-114106WA.txt" Walz Import Batch#: 289692 |

< >

### Transaction Images

| Download | View | Description |
|---|---|---|
| 💾 | | Letter Image 29899022.tif |
| 💾 | | Return Image 2820395.tif |

< >

Print this page

**Copyright © 2004 Walz Certified Mail Solutions**

## Transaction Detail

**CertifiedPro™**

Shapiro and Burson

**Leanna Kennebeck**

Logout

**SEARCH**

Transactions
Contacts

**REPORTS**

Returns

**ADMINISTRATION**

Change Password

**INFORMATION**

Outsourcing Solutions
Walz Postal Products
Company Info
Contact Walz
Privacy Policy

**Recipient**

**JEAN ANTOINE**
**2706 SOUTH DAKOTA AVE NE**
**WASHINGTON, DC 20018-1640**

**Transaction Information**

| Mail Service: | First Class | Postage Fees: | $0.41 |
|---|---|---|---|
| Service Options: | | | |
| Tracking Number: | 2205966415 | | |
| Reference Number: | I07-114106WA3 | | |

### Transaction History

| Date | Event Description | Details |
|---|---|---|
| 12/13/2007 4:43 PM | Returned | Unclaimed |
| 11/13/2007 3:58 PM | Mailed | Walz Mailbook Batch#: 213180 |
| 11/13/2007 11:48 AM | Printed | 6 pages, Walz Print Batch#: 235849 |
| 11/13/2007 10:55 AM | Imported | Client Import File: "I07-114106WA.txt" Walz Import Batch#: 289692 |

< >

### Transaction Images

| Download | View | Description |
|---|---|---|
| 💾 | 🖼 | Letter Image 29899023.tif |
| 💾 | 🖼 | Return Image 2661586.tif |

< >

Print this page

**Copyright © 2004 Walz Certified Mail Solutions**



Shapiro and Burson
P.O. Box 9052
Temecula, CA 92589-9052

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2205966414

**Return Service Requested**

JEAN ANTOINE
8300 26TH PL
HYATTSVILLE, MD 20783-1705

NIXIE    207    DE 1    00 11/27/07

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 92589905252    *0817-08932-27-29
9250903052



Shapiro and Burson
P.O. Box 9052
Temecula, CA 92589-9052

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2205966415

**Return Service Requested**

JEAN ANTOINE
2706 SOUTH DAKOTA AVE NE
WASHINGTON, DC 20018-1640

NIXIE    207    DC 1    00 11/16/07
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
DC: 92589305253    *0817-05050-16-24

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEAN ANTOINE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00615-HHK |
| | ) | |
| J.P. MORGAN CHASE BANK, | ) | |
| AMERICAN SECURITY INSURANCE | ) | |
| COMPANY, and SHAPIRO & BURSON, | ) | |
| LLP, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

UPON CONSIDERATION of Defendant Shapiro & Burson, LLP's Motion to Dismiss, any opposition thereto, and the entire record herein, it is, this _____ day of _____, 2008,

ORDERED, that Defendant's Motion be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED, that those portions of the Complaint which relate to Defendant Shapiro & Burson, LLP are hereby dismissed, with prejudice.

_____
United States Judge

Copies To:

All counsel of record