IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN ANTOINE ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No: **1:08-cv-00615-HHK** |
| v. ) | |
| ) | |
| J.P. MORGAN CHASE BANK ) | |
| AMERICAN SECURITY INSURANCE ) | |
| COMPANY, and SHAPIRO & BURSON ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF JEAN ANTOINE'S OPPOSITION TO DEFENDANT SHAPIRO & BURSON, LLP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**NOW COMES**, Plaintiff Jean Antoine by and through his counsel to oppose and object to Defendant Shapiro & Burson, LLP's Motion to Dismiss for Failure to State a Claim upon which relief may be granted and provides that Defendant's Motion to Dismiss shall be denied because Plaintiff's Complaint does not state a claim upon which relief may be granted. Attached is Plaintiff's Memorandum of Points and Authorities that clearly show that Defendant Shapiro & Burson's violated the Fair Debt Collection Practices Act when it failed to respond to Plaintiff's Notice of Dispute regarding the debt, failed to respond to Plaintiff's request for the total amount needed to restate the debt owed on the property and failed to provide the written notice required by the Fair Debt Collection Practices Act.

Respectfully submitted,


*/s/ L. Saundra White*
L. Saundra White, #MD012370
3540 Crain Highway, #107
Bowie, MD 20716
(301) 574-3547
Email: whitelegalgrp@aol.com
Attorney for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JEAN ANTOINE** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No: **1:08-cv-00615-HHK** |
| v. | ) | |
| | ) | |
| **J.P. MORGAN CHASE BANK** | ) | |
| **AMERICAN SECURITY INSURANCE** | ) | |
| **COMPANY, and SHAPIRO & BURSON** | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S OPPOSITION TO DEFENDANT SHAPIRO & BURSON, LLC's  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM  UPON WHICH RELIEF MAY BE GRANTED**

**I. PLAINTIFF"S CLAIM AGAINST DEFENDANT SHAPIRO & BURSON'S, LLC**

Plaintiff alleges in his  Amended Complaint that Defendant Shapiro & Burson, LLC were the debt collectors in this matter. Plaintiff further alleged that  Defendant Shapiro & Burson, LLC failed to respond to his notice of dispute with respect to the alleged debt, failed to provide any correspondence or provide the amount of the additional cost needed to reinstate the loan and failed to provide written notice required by the Fair Debt Collections Practices Act.

Plaintiff alleged that he never received any notice from Defendant J. P. Morgan Chase Bank that his mortgage loan on his real property located at 2706 South Dakata Avenue, N.E., Washington, D.C.  20018. On December 14, 2007, Plaintiff received a Foreclosure Notice from Defendant Shapiro & Burson, LLP.  The letter that Plaintiff received from Defendant Shapiro & Burson, LLC was attached to Plaintiff's Amended Complaint as Exhibit 3. Also, Defendant

attached an incomplete copy of this letter in its Motion to Dismiss as Exhibit 2. The missing page was pg. 1 of Plaintiff's Exhibit 3.  Plaintiff never received a copy of Defendant Shapiro's Exhibit 1. (See Plaintiff's Affidavit attached as **Exhibit A**). Plaintiff also alleged that he attempted to contact Defendant Shapiro & Burson, LLC by telephone, mail and fax. At the time Plaintiff filed his Amended complaint, he only located his fax receipts for two letters. One letter was dated December 21, 2007 (**Exhibit C**)and the other letter was dated January 4, 2008 (**Exhibit D**). Thus, Plaintiff believed that Defendant's only notice of foreclosure was received on or around the latter part of December 2007. However, after a diligent search, Plaintiff  located the receipt for the first letter that he faxed and mailed on December 14, 2007. (**Exhibit B**).

## II. ARGUMENT

**A.  Defendants Motion to Dismiss should not be granted because Plaintiff's  has presented facts that clearly so that Defendant Shapiro and Burson violated various provisions of the Fair Debt Collection Practice Act.**

 A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitled him to relief. Fed. R. Civ. P. 12(b)(1): Conley v. Gibson, 355 U.S. 41 (1057). In considering a Rule 12(b)(60 motion, the Court must construe the complaint in the light most favorable to the plaintiffs, read the complaint as a whole, and take the facts asserted therein as true.

 In this matter, Plaintiff alleges  in paragraphs 18-22 and  46-50 that he attempted consistently to contact Defendant Shapiro and Burson by telephone, fax, and mail.  However,

Defendants failed to correspond with him by any means except with the first and only Notice of Foreclosure that Plaintiff attached as Exhibit 3.  Plaintiff further alleged that Defendant failed to provide him with the written notice required under the Fair Debt Collection Practice Act. Plaintiff's Exhibit 3 clearly shows that the FDCPA written notice or right to request verification of the debt was not included in Defendant's Notice of Foreclosure. Therefore, Defendant's Rule 12(b)(6) Motion should be denied because Plaintiff adequately pleaded facts that shows that Defendant not only failed to provide the FDCPA written notice in its one and only Foreclosure notice to Plaintiff but Defendants failed to cease its collection after Plaintiff requested justification for the foreclosure notice and  remitted the approximate amount necessary to reinstate his mortgage loan.

### (1) Defendants have failed to produce credible evidence that shows that it mailed the written notice required in the Fair Debt Collection Practice Act .

Section 809(a)[1] of the Fair Debt Collection Practices Act requires debt collectors send debtors, a written notice that includes, among other things, the amount of the  debt, the name of the creditor to whom the debt is owed, and a statement that , if within thirty days of receiving the notice the consumer disputes the debt in writing, the collector will obtain verification of the debt and mail it to the debtor.

Plaintiff received the first and only foreclosure notice from Defendant Shapiro and Burson on December 14, 2007. Upon receipt of the letter, Plaintiff called the number listed on the Notice.  Plaintiff left several  voice mails requesting Defendant Shapiro to contact him regarding the alleged default of his mortgage loan. Also, on December 14, 2007 Defendant faxed

---

[1]15 U.S. C. §1692g(a).

and mailed a letter to Defendant Shapiro requesting verification that his mortgage loan was in default and the additional amount that was needed to reinstate the loan. Plaintiff called, faxed and mailed a second letter to Defendant Shapiro on December 21, 2007. From December 14, 2007 through January 4, 2008, Plaintiff consistently called and left voice mails for Defendant Shapiro to return his calls regarding the default. Defendant Shapiro failed to return any of Plaintiff's telephone calls, failed to verify the default and failed to provide Plaintiff with the additional cost to reinstate the loan. Finally, on January 4, 2008, Plaintiff contacted Defendant Chase Bank and a representative informed defendant that he could submitted the amount listed in the foreclosure notice and she would contact Defendant Shapiro to determine the additional cost and get back with Plaintiff. Plaintiff did not received any correspondence with Chase Bank. However, even though Plaintiff submitted a cashier check in the amount of $15,179.55, the amount listed on the foreclosure notice, Defendant Chase Bank returned Plaintiff's cashier's check and indicated that the cashier check was inadequate to reinstate the loan. Also, Defendant Chase Bank and Defendant Shapiro & Burson never verified the alleged default of Plaintiff's mortgage loan.

Defendant Shapiro and Burson argues in its' Motion to Dismiss that it mailed the required notice under the Fair Debt Collection Practice Act on November 13, 2007 and provides an alleged computerized log purporting to demonstrate the notices were sent, an Affidavit by Attorney John Burson and a copy of the return envelopes. However, Defendant Shapiro has failed to show that the notices were contained in the envelope and failed to show that their computerized log was adequate. For example, the return envelope addressed to Plaintiff in Hyattsville, Md indicate that the return envelope was mailed back to Defendant Shapiro on

6

November 27, 2007 and the envelope addressed to Plaintiff in Washington, D.C. indicate that the return envelope was mailed back to Defendant Shapiro on November 10, 2007. However, this information contradicts Defendant's computerized log because the log indicates that the Hyattsville, Md letter was returned on January 15, 2008 and the Washington, D.C. letter was returned on December 13, 2007.

Defendant further argues in its Motion to Dismiss that **Exhibit 2** contains another copy of a letter mailed to Plaintiff regarding this debt. The information in Exhibit 2 clearly shows that the FDCPA notice was not contained in the notice. Defendant's Exhibit 2 also contains an affidavit indicating that Defendant Shapiro and Burson mailed the Foreclose notice on November 20, 2007. However, this information contradicts the information from the U.S. Postal Service. For example, the notice mailed to the real property address in Washington, D.C. was mailed on November 23, 2007 and not on November 20, 2007. On December 26, 2007, this notice was returned to Defendant Shapiro as being undeliverable as addressed (**Exhibit E)**. The foreclosure notice mailed to a Hyattsville, MD address was mailed on November 23, 2007 and not on November 20, 2007 and the letter was returned to Defendant Shapiro on November 28, 2007 as being undeliverable as addressed (**Exhibit F**) Finally, the notice mailed to the Silver Spring, Md address was mailed on November 24, 2007 and not on November 20, 2007. On December 18, 2007 this letter was returned to Defendant Shapiro as being unclaimed(**Exhibit G**).

The notice of foreclosure that Plaintiff received from Defendant on December 14, 2007 did not contain the FDCPA required notice. Also, even though Plaintiff faxed and mailed his written notice of dispute of the debt, Defendant Shapiro did not verify the debt and nor did it cease collection of the debt in accordance with §809(b) of the FDCPA. Therefore, Plaintiff has

presented a  claim upon which relief has been granted since the FDCPA specifically provides that

a debt collector's collection letter must contain written notice regarding the Debtor's right to

verify the debt.

**(2) Defendant's alleged notice and letter in Exhibit 1  fails to comply with the Fair Debt and Collection Practice Act.**

In accordance with the Fair Debt Collection Practice Act (FDCPA), the Debt Collector

must send the consumer a written notice containing among other things : (a)  correct amount of

the debt; (b) correct name of the creditor; ( c) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt

will be assumed to be valid by the debt collector; (d) a statement that if the consumer notifies the

debt collector in writing within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

the consumer and a copy of such verification or judgment will be mailed to the consumer by the

debt collector; and (e) a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original

creditor, if different from the current creditor.  [2]

FDCPA further provides that  if  the debtor notifies the debt collector in writing within the

thirty-day period described, or any portion thereof, is disputed, or that the consumer requests the

name and address of the original creditor, **the debt collector shall cease collection of the debt**, or

any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a

judgment, or the name and address of the original creditor, and a copy of such verification or

---

[2] 15 U.S.C. §1692g or §809(a) .

8

judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.[3] Also, the FDCPA provides that any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.[4]

Defendant argues in its Motion to Dismiss that even if one assumes that the allegation that Plaintiff never received the FDCPA notices is true, this fact does not establish a violation of the FDCPA because Plaintiff has not alleged such a failure to send the FDCPA notice . This argument is erroneous because Plaintiff does allege that Defendant Shapiro never provided the FDCPA notice. In this matter, the letter and notice cited in Defendant's Exhibit 1 indicates that the Mortgage Lender was Chase Manhattan Mortgage. However, this information was incorrect because Plaintiff's mortgage lender was Chase Home Finance,LLC and not Chase Manhattan Mortgage. Also, the notice in Defendant's **Exhibit 1** erroneously states that the Fair Debt Collection Practices Act does not require that debt collectors wait until thirty (30) days from the date the debtor receives the letter before they could initiate foreclosure proceedings to foreclose on the debtor's mortgage. This provision in Defendant's notice violates the FDCPA because the FDCPA requires the debt collector to cease collection of the debt until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

---

[3] 15 U.S.C. §1692g(b) or §809(b).

[4] *Id.*

**(B) Defendant violated the FDCPA because it engaged in unfair collection practices**.

In accordance with §808 of the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. [5] *U.S. v. Fairbanks Capital Corporation*[6] held that the debt collector engaged in unfair and deceptive practices in the collection of mortgage debts because the charges included false representation of the character, amount, or legal status of consumers debt and collecting amounts not authorized by the mortgage contract or by law, including substantial attorney fees. Fairbanks Capital Corporation, the debt collector was further prohibited from charging consumers attorney fees for collection unless the fees were for services actually performed in collecting on their debt.

Plaintiff's notice that he received from Defendant Shapiro indicated that Plaintiff's real property would be sold on January 9, 2008 and further stated that the amount needed to reinstate the mortgage was $15,179.55 plus attorney fees, foreclosure costs and other charges or payments which become due. Defendant argues in its Motion to Dismiss that the FDCPA does not require it to provided Plaintiff with the amount needed to reinstate the loan and even if the FDCPA require it to provide the amount needed to reinstate the loan, it provided such information. Defendant's argument serves as an admission by Defendant Shapiro and Burson that it engaged in unfair collection practices. Defendant's notice specifically stated the following: " If you want to reinstate , or pay of the entire principal balance to prevent foreclosure, contact

---

[5]15 U.S.C. §1692(f)

[6]No. 03-12219 (D. Mass.2003)

this office.  **DO NOT COME TO THIS OFFICE OR ATTEMPT TO PAY UNLESS YOU HAVE CALLED TO GET THE EXACT AMOUNT DUE!!**" (**Exhibit H**).   Defendant now asserts that the FDCPA, it was not required to correspond with Plaintiff or to provide Plaintiff with the total amount necessary to reinstate the mortgage loan.  Also, Defendant argues that it provided the Plaintiff with the amount necessary to reinstate the loan and informed the Plaintiff that depending on the day of receipt of the reinstatement amount, additional fees, including attorneys fees could be assessed.  Defendant further attempts to use *Taylor v. Calvary Investments, Inc.* 210 F. Supp. 2d 1002 (N.D. Ill. 2002) to support its erroneous argument. However, *Taylor* is not relevant in this matter because Plaintiff is not arguing that Defendant failed to state the total amount of the debt.  Defendant fails to realize that the a  debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Defendant admits that it never corresponded with Plaintiff even though its' notice specifically stated that Plaintiff had to contact its office to obtain the total amount necessary to reinstate the loan.  Thus, now Defendant admits that its notice was erroneously and the only thing that Plaintiff had to do in order to reinstate the loan was to submit $15, 179.55 and it would only correspond with Plaintiff after receipt of the reinstatement amount on the notice. Defendant further states that after receipt of the reinstatement amount then it would correspond with Plaintiff and provided him with the additional foreclosure cost including interest and attorneys fees.

It appears that Defendant intentionally misrepresented its collection process to Plaintiff because now Defendant is asserting that the FDCPA did not require it to correspond with the Plaintiff.  Defendant's arguments in its Motion to dismiss is prima facie proof that Defendant's collection process was unfair, misleading  and or unconscionable because even though Plaintiff

submitted $15, 179.55 (**Exhibit I**) to reinstate the loan, Defendant proceeded with the foreclosure of Plaintiff's real property. Defendant's false and misleading misrepresentations[7] and its unfair and or unconscionable collection efforts are indeed violations of the FDCPA. [8]

Plaintiff has never been informed of the additional cost to reinstate his loan. However, the FDCPA prohibts debt collectors from charging debtors attorney fees for collection unless the fees are for services actually performed in collecting the debt. Defendant Shapiro has not presented any information or evidence showing that it performed anything other than mailing a boilerplate Notice of Foreclosure to Plaintiff to three different addresses and filing Notice of the Foreclosure with the D.C. Recorder of Deeds Office. Thus, fees for these minute administrative activities could not be billed as attorney collection fees because the FDCPA prohibits debt collectors from charging attorney fees for services that were not actually performed in collecting the debt. Therefore, Defendants should have accepted Plaintiff's cashier's check $15, 179.55 and cancelled the foreclosure of Plaintiff's real property and thus, there would have been no fees relating to the foreclosure of Plaintiff's real property.

**( C) Defendant Shapiro and Burson violated the FDCPA since it failed to cease its collection activities when Plaintiff requested a validation of the debt.**

Defendant attempts to argue that it had no duty to correspond with Plaintiff with respect to its' collection process because Plaintiff did not dispute the debt within the 30 day period. Defendant's argument is erroneous and attempts to again misrepresent the facts and the law in this matter. For example, Plaintiff specifically claim that upon receipt of the Notice of Foreclosure, he

---

[7] §807 of FDCPA..

[8] §808 of FDCPA .

consistently attempted to contact Defendant Shapiro and Burson by telephone, fax and mail. Complaint at ¶ 47. Plaintiff further alleges that Defendant Shapiro and Burson violated the Fair Debt Collection Practice Act by failing to acknowledge Plaintiff's dispute with respect to the default amount and failed to provide Plaintiff with the total cost to reinstate the loan prior to foreclosing on Plaintiff's real property. Complaint at ¶ 49. Plaintiff's December 14, 2007 faxed and mailed letter to Defendant Shapiro and Burson clearly shows that Defendant is seeking verification of the debt and also, he is disputing the debt. Plaintiff mailed his letter by first class mailed and faxed the letter. (**Exhibit B**). Plaintiff's December 14, 2007 letter was never returned and Plaintiff's fax verification report clearly shows that Defendant received a copy of Plaintiff's request for verification and dispute (**Exhibit B, pg2**). Also, Plaintiff's December 21, 2007 letter (**Exhibit C**) and fax verification report clearly shows that Plaintiff placed Defendant on notice that it was requesting a verification of the debt and disputing the debt.(**Exhibit C, pg. 2**).

Plaintiff's December 14th, December 21st and January 4, 2008 letters were within the thirty (30) days time period even though Defendant never remitted the FDCPA required written notice[9] and because Defendant Shapiro and Burson mailed its one and only Notice of Foreclosure on or around December 14, 2007. [10]

Defendant admits that it never corresponded with Plaintiff because it believed that the

_____

[9] Plaintiff asserts that Defendant never mailed a letter to him on or around November 13, 2007. However, Plaintiff's 12/14/08 letter comes within the 30 day time period since the statute begins to run from the date that Plaintiff received the notice. In this matter, if Defendant had mailed its November 13, 2007 letter, Plaintiff would have received it on or around November 16th or 17th especially since the November 13, 2007 appears to have been mailed from California.

[10]Also Plaintiff's letter dated January 4, 2008 comes within the 30 day time frame because in accordance with the date that Plaintiff received Defendant's only notice of foreclosure, the thirty (30) days deadline would have expired on January 14, 2008.

FDCPA did not require it to communicate or correspond to debtors even though Defendant submitted a letter specifically requiring Plaintiff to contact its office before submitting any payment.   Defendant violated the FDCPA by failing to cease its collection efforts when Plaintiff submit a written request for a validation of the debt and or disputed the debt.  Defendant does not deny that it never received Plaintiff's voice messages , faxes or mail but admits that it proceeded forward with the foreclosure of the Plaintiff's mortgage loan. Thereafter, Defendant Shapiro and Burson sold  Plaintiff's real property   even though it had knowledge that Plaintiff disputed the debt , wanted to prevent the loan from going into foreclosure and requested the total reinstatement amount and had forwarded a cashier's check for $15, 179.55 pursuant to Defendant's notice of foreclosure letter received on December 14, 2007. Defendant Shapiro and Burson failed to cease its collection efforts after receipt of Plaintiff's dispute and cashier's check for $15,179.55 and thus, it violated  § 809 of the FDCP.[11]

## II. CONCLUSION

Defendant Shapiro and Burson's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be denied because Defendant has failed to prove beyond doubt that the Plaintiff can not prove any set of facts in support of his claims that Defendant violated various provisions of the Fair Debt Collection Practice Act. On the contrary, Plaintiff clearly shows in his  complaint and within this opposition that Defendant Shapiro and Burson violated several provisions of the Fair Debt Collection Practice Act (FDCPA).

Defendant Shapiro and Burson has failed to provide any credible evidence showing that it

---

[11] 15 U.S. C. 1692g.

14

provided the written notice required under FDCPA.  Even the affidavits and alleged mail transmittal that Defendant attempts to provide is questionable and contradicts information listed on the return letters and information from the U.S. Postal Service.  The written notice that Defendant asserts  to meet the requirements of FDCPA is defective since paragraph 5 of the alleged FDCPA notice reads as follows: " The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before we initiate foreclosure proceedings to foreclose on your mortgage."[12]  This provision clearly violates the FDCPA since  §809(b) specifically orders debt collectors to cease collection efforts until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. [13]

Defendant Shapiro and Burson in its Motion to Dismiss admits that even though it requested Plaintiff to contact its foreclosure division prior to remitting the reinstatement amount located in the notice, it did not correspond with Plaintiff because the FDCPA does not require it to correspond with the debtor or provide Plaintiff with the total amount necessary to reinstate the debt.  Clearly, Defendant Shapiro and Burson realizes that even if the FDCPA does not mention reinstatement, the FDCPA does prohibit debt collector from making misrepresentations to the debtor and from engaging in unfair or unconsiciousable means in collecting a debt.  Plaintiff tried on several occasions to contact Defendants and submitted the reinstatement amount pursuant to the foreclosure  notice.  However, Defendant Shapiro and Burson failed to cease it collection

---

[12]See Defendant's Exhibit 1( pg 2) attached to its Motion to Dismiss.

[13] *Id*.

efforts when Plaintiff requested verification and foreclosed on Plaintiff's real property even though Plaintiff relied on Shapiro and Burson's foreclosure notice and remitted a cashier's check for $15,179.55 to reinstate the mortgage.

In accordance with §813 of the FDCPA, any debt collector who fails to comply with any provision of FDCPA  with respect to any person is liable to such person for actual damages that the person incurred or suffered, court cost and attorney's fees plus an additional amount up to $1,000.00.[14]  As a result of Defendants actions, Plaintiff lost his real property located at 2706 South Dakota Avenue, NE, Washington, D.C., suffered mental and physical anguish, wage loss and financial losses.

Defendant Shapiro and Burson has failed to make any efforts on justifying the reason why it failed to correspond with Plaintiff or why it  continued with the collecting and foreclosing of Plaintiff's mortgage loan even though Plaintiff requested verification and Plaintiff remitted funds to reinstate the loan.  Therefore, Defendant Shapiro and Burson's Motion to Dismiss under Fed. R. 12 (b)(6) must be denied because Plaintiff has clearly established prima facie proof that he has a right to recover against Defendant Shapiro and Burson because it violated various provisions of the Fair Debt Collection Practice Act.

Respectfully submitted,

/s/ L. Saundra White
L. Saundra White, #MD012370
3540 Crain Highway, #107
Bowie, MD 20716
(301) 574-3547
Email: whitelegalgrp@aol.com
Attorney for Plaintiff

---

[14] 15 U.S. C. 1692k.

16

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>June 6, 2008</u>, copies of Plaintiff's Opposition to

Defendant Shapiro and Burson's Motion to Dismiss were electronically filed and mailed by

postage pre-paid, to:

Padraic K. Keane
Jordan Coyne & Savits,LLP
1100 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Counsel for Defendant Shapiro & Burson, LLP


Julie Ann Quagliano
Quagliano & Seeger, PC
2620 P Street, NW
Washington, D.C. 20007
Counsel for Defendant American Security Insurance Company

Matthew P. Previn, Esq.
Buckley Kolar, LLP
1250 24th Street, NW, Suite 700
Washington, D.C. 20037
Counsel for Defendant JP Morgan Chase Bank




<u>/s/ L. Saundra White</u>
L. Saundra White , Esq.

17

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN ANTOINE** ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No: **1:08-cv-00615-HHK** |
| v. ) | |
| ) | |
| **J.P. MORGAN CHASE BANK** ) | |
| **AMERICAN SECURITY INSURANCE** ) | |
| **COMPANY, and SHAPIRO & BURSON** ) | |
| ) | |
| Defendants ) | |

## <u>ORDER</u>

Upon consideration of Defendant Shapiro and Burson's  Motion to Dismiss For Failure to

State a Claim Upon Which Relief May Be Granted, Plaintiff's Opposition, any reply and the

entire record,  it is this _____day of _____, 20__ hereby

**ORDERED** that Defendant Shapiro and Burson's Motion to Dismiss is **DENIED.**


_____

JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JEAN ANTOINE                              )
                                          )
        Plaintiff                         )
                                          )   Case No: **1:08-cv-00615-HHK**
        v.                                )
                                          )
**J.P. MORGAN CHASE BANK**                )
**AMERICAN SECURITY INSURANCE**           )
**COMPANY, and SHAPIRO & BURSON**         )
                                          )
        Defendants                        )


## AFFIDAVIT OF JEAN ANTOINE

I, Jean Antoine hereby provide  the following declarations:

1. I received Defendant Shapiro and Burson's first and only Notice of Foreclosure on December 14, 2008.  Defendants never provided me with any other notices.

2. Upon receipt, I immediately submitted a request for validation of the debt and the rationale for attempting to place my mortgage loan in foreclosure by mail and by facsimile (703) 449-5850).  Also, I telephone Defendant Shapiro and Burson at the number listed on the Notice of Foreclosure ( (703) 449-5800). I also left a voice mail requesting Shapiro and Burson to respond to me at my contact numbers. (**Exhibit B**).

3. On December 21, 2007, I called Defendant Shapiro and Burson again and left another voice mail.  Also, I mailed and faxed another letter requesting the verification of the debt and the total amount that was needed to reinstate the mortgage. (**Exhibit C**)

4. On January 4, 2008, I still had not received any further correspondence or response from Defendant Shapiro and Burson.  Therefore,  I faxed and mailed another letter to Defendant


PLAINTIFF'S EXHIBIT
A

Shapiro and Burson and again requested for verification of the debt and requested for someone to contact me and indicate the total amount needed to reinstate the loan (**Exhibit D**).

5. On January 4, 2008 at around 3:30 pm, I contacted Defendant Chase Bank (at 1800 548-7912) and indicated that since December 14, 2008, I had requested verification of the debt and justification for the foreclosure of my mortgage note from Defendants Shapiro and Burson and Chase Bank and I had received no correspondence. Also, I informed Defendant Chase Bank's representative that Defendant Shapiro and Burson has failed to provide the total amount needed to reinstate the loan.

6. Defendant Chase Bank representative requested me to send a cashier's check for the amount indicated in the Foreclosure Notice and mail it to Chase Bank's address. The Representative further stated that it would correspond with Defendant Shapiro and Burson to obtain any additional funds owed and provide the information to me.

7. On January 5, 2008, I obtained a cashier's check in the amount of $15,179.55 (**Exhibit I**) and mailed by express mail to Chase Home Finance at P. O. Box 78116, Phoenix, Arizona 85062-8116 (**Exhibit J**).

8. The U.S. Postal Records indicate that Defendant Chase Bank received this payment on January 6, 2008. The item was signed for by D. Darby (**Exhibit K**).

9. Even though my cashier's check was received three days before the scheduled sale of my real property, Defendant Chase Bank returned my payment by a letter dated January 15, 2008 and indicated the cashier's check was insufficient to reinstate the mortgage on the real property (**Exhibit L**).

10. Defendants foreclosed on my real property on January 9, 2008.

2

I, Jean Antoine hereby swear that the foregoing statements are true and correct to the best of my knowledge and belief.

6 - 3 - 08

Date

Jean Antoine

Respectfully submitted,

J. Saundra White, #MD012370
3540 Crain Highway, #107
Bowie, MD 20716
(301) 574-3547
(240) 455-6491(Fax)
Email: WhiteLegalGrp@aol.com

11301 Classical Lane
Silver Spring, MD 20901
December 14, 2007

**Facsimile @ 703 449-5850**

Shapiro & Burson, LLP
ATTN: Resinstatement/Payoff Department
13135 Lee Jackson Highway, Suite 201
Fairfax, VA 22033

RE: Real Property located at 2706 South Dakota Avenue, NE, Washington, D.C.
S & B # 07-114106W

Dear Sirs:

I am the owner of the real property located at the aforementioned address. The building on this property was destroyed by fire in April of this year. Currently, Chase Finance , the insurance company and I are currently in negotiation regarding the fire that destroyed the building located on the real property.

Chase Home Finance, who is my mortgagee has never provided me with any information indicating that my mortgage was in default or that it referred my mortgage to a debt collector. Please provide me with an accounting and other information that verifies the reason that you have placed my real property in foreclosure. Also, provide me with all the information that you have received from my mortgagee, Chase Home Finance regarding this request to you to sell my real property on January 9, 2008. Also, I would like to be informed of the total amount necessary to reinstate my mortgage if my mortgage is indeed in default.

Please contact me at (301) 793-4800. You can also fax me the verification and any other applicable information regarding justification for this foreclosure notice at (202) 529-6424 or mail the information at the address listed above. I look forward to hearing from somebody from your organization at soon as possible. Also, I am mailing a copy of this letter to Chase Home Finance.

Thank you,

Jean Antoine
Real Property Owner

cc: Chase Home Finance Bank



```
DATE. TIME FAX          12/14 11:05
NO./NAME                17034495850
DURATION                00:00:40
PAGE(S)                 1
RESULT                  OK
MODE                    STANDARD
                        ECM
```



**PLAINTIFF'S EXHIBIT**

B 2

11301 Classical Lane
Silver Spring, MD 20901
December 21, 2007

**Facsimile @ 703 449-5850**

Shapiro & Burson, LLP
ATTN: Resinstatement/Payoff Department
13135 Lee Jackson Highway, Suite 201
Fairfax, VA 22033

RE: Real Property located at 2706 South Dakota Avenue, NE, Washington, D.C.
S & B # 07-114106W

Dear Sirs:

I have attempted to contact your office by telephone, mail and fax and currently, no one has provided me with any information regarding the proposed foreclosure of my real property. I need someone to contact me immediately, so I can resolve this matter.

Chase Home Finance, who is my mortgagee has never provided me with any information indicating that my mortgage was in default or that it referred my mortgage to a debt collector. Please provide me with an accounting and other information that verifies the reason that you have placed my real property in foreclosure. Also, provide me with all the information that you have received from my mortgagee, Chase Home Finance regarding this request to you to sell my real property on January 9, 2008. Also, I would like to be informed of the total amount necessary to reinstate my mortgage if my mortgage is indeed in default.

Please contact me at (301) 793-4800. You can also fax me the verification and any other applicable information regarding justification for this foreclosure notice at (202) 529-6424 or mail the information at the address listed above. I look forward to hearing from somebody from your organization at soon as possible. Also, I am mailing a copy of this letter to Chase Home Finance.

Thank you,

Jean Antoine
Real Property Owner

cc: Chase Home Finance



TRANSMISSION VERIFICATION REPORT

TIME: 12/21/2007 10:15

DATE. TIME FAX
NO./NAME
DURATION
PAGE(S)
RESULT
MODE

12/21 10:14
17034495850
00:00:38
1
OK
STANDARD
ECM



PLAINTIFF'S
EXHIBIT
ALL-STATE LEGAL®
C 2

11301 Classical Lane
Silver Spring, MD 20901
January 4, 2008

**Facsimile @ 703 449-5850** (2 pages)

Shapiro & Burson, LLP
ATTN: Resinstatement/Payoff Department
13135 Lee Jackson Highway, Suite 201
Fairfax, VA 22033

RE: Real Property located at 2706 South Dakota Avenue, NE, Washington, D.C.
S & B # 07-114106W

Dear Sirs:

What is the problem with your organization? Does your organization really exist because I have tried on numerous occasions to contact you by mail (the mail has not been returned), fax and left voice messages. However, no one has bothered to return my telephone calls or provide me with any correspondence. According to your Notice of Foreclosure , my real property will be sold on January 9, 2008. I do not agree that my real property should be sold because my mortgage note should not be in foreclosure. I am beginning to believe your organization is a scam because I can not understand why noone has made any attempt to call or provide me with any information justifying this proposed Sale of my real property.

I have forwarded all of my letters to you to Chase Home Finance. However, your organization nor Chase Home Finance has provided me with any information that justifies this proposed sale of my real property. According to your notice, my real property will be sold within five days from today. Therefore, I would like for someone to contact me immediately regarding the total amount necessary to reinstate my mortgage. Your Notice of Foreclosure indicates that the amount to reinstate is approximately $15,179.55 plus attorneys fees, foreclosure costs and other charges or payments which become due. Your notice of foreclosure also states that I must not come to your office and do not attempt to pay until I have called to get the exact amount due. That is where I have placed numerous calls to your office, I never get a live person on the phone only an answering machine telling me to leave my contact information. Well, I have left several voice messages but no one has bothered to get back with me.

At this moment please just call me back and provide me with the total amount necessary to reinstate my mortgage. Please be advised that even though, I will pay the amount necessary to reinstate my mortgage, I am still disputing this Proposed sale and I still want your organization to provided me with an accounting and other information that verifies the reason for my loan was placed in default and the reason for the proposed sale of my real property.



PLAINTIFF'S
EXHIBIT
D
ALL-STATE LEGAL®

Please contact me at (301) 793-4800. You can also fax me the amount necessary to reinstate my mortgage loan at (202) 529-6424

Thank you,

Jean Antoine
Real Property Owner

cc: Chase Home Finance

TRANSMISSION VERIFICATION REPORT

TIME: 01/04/2008 13:10

DATE. TIME FAX
NO./NAME
DURATION
PAGE(S)
RESULT
MODE

01/04 13:09
17034495850
00:00:53
2
OK
STANDARD
ECM


PLAINTIFF'S
EXHIBIT
D2


**UNITED STATES
POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7160 3901 9845 3469 5011**
Detailed Results:

- **Delivered, December 26, 2007, 1:14 pm, FAIRFAX, VA 22033**
- **Undeliverable as Addressed, November 27, 2007, 12:04 pm, WASHINGTON, DC 20018**
- **Notice Left, November 27, 2007, 11:50 am, WASHINGTON, DC 20018**
- **Notice Left, November 26, 2007, 5:49 pm, WASHINGTON, DC 20018**
- **Undeliverable as Addressed, November 23, 2007, 1:37 pm, WASHINGTON, DC 20018**
- **Arrival at Unit, November 23, 2007, 8:14 am, WASHINGTON, DC 20018**

< Back    Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number.

Go >



Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA


PLAINTIFF'S
EXHIBIT
E

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelDetail.do


**UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7160 3901 9845 3469 5028**
Detailed Results:

- **Delivered, November 28, 2007, 1:19 pm, FAIRFAX, VA 22033**
- **Undeliverable as Addressed, November 26, 2007, 5:01 pm, HYATTSVILLE, MD 20787**
- **Arrival at Pick-Up-Point, November 24, 2007, 9:59 am, HYATTSVILLE, MD 20783**
- **Undeliverable as Addressed, November 23, 2007, 3:57 pm, HYATTSVILLE, MD 20783**
- **Arrival at Unit, November 23, 2007, 10:20 am, HYATTSVILLE, MD 20782**

‹ Back                              Return to USPS.com Home ›

Track & Confirm

Enter Label/Receipt Number.

Go ›

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA



http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelDetail.do


UNITED STATES
POSTAL SERVICE

Home | Help | Sign In

Track & Confirm     FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7160 3901 9845 3469 5035**
Detailed Results:

- **Delivered, December 18, 2007, 3:17 pm, FAIRFAX, VA 22033**
- **Unclaimed, December 11, 2007, 5:42 pm, SILVER SPRING, MD**
- **Notice Left, November 24, 2007, 5:12 pm, SILVER SPRING, MD 20901**
- **Arrival at Unit, November 24, 2007, 9:13 am, SILVER SPRING, MD 20904**

‹ Back                                    Return to USPS.com Home ›

Track & Confirm

Enter Label/Receipt Number.

Go ›

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA


PLAINTIFF'S
EXHIBIT
G

## SHAPIRO & BURSON, LLP
### 13135 LEE JACKSON HIGHWAY, SUITE 201
### FAIRFAX, VIRGINIA 22033 (703) 449-5800 FAX (703) 449-5850

### *WARNING!!!*

### READ THE ENCLOSED NOTICE

### YOUR PROPERTY WILL BE SOLD AT FORECLOSURE

The enclosed notice is in the form required by PL90-566 and by the Office of the Recorder of Deeds of the District of Columbia. Please read it carefully.

You have the right to stop the foreclosure by paying the ENTIRE LOAN (the principal with all interest) including all the amounts due to the lender and all costs and expenses. You may have the right to reinstate your loan to prevent foreclosure. However, to reinstate you must pay the arrears due to the lender AND you must also pay all costs and expenses properly associated with the foreclosure.

**If you want to reinstate, or pay off the entire principal balance to prevent foreclosure, contact this office. DO NOT COME TO THIS OFFICE OR ATTEMPT TO PAY UNLESS YOU HAVE CALLED TO GET THE EXACT AMOUNT DUE!!**

You must make payment by certified check or cashier's check. Personal checks, third party checks and money orders will not be accepted. Checks must be made payable to <u>SHAPIRO & BURSON, LLP</u> – **DO NOT MAKE THEM PAYABLE TO YOUR LENDER!**

For your reinstatement figures and/or payoff figures contact:

SHAPIRO & BURSON, LLP
ATTN: REINSTATEMENT/PAYOFF DEPARTMENT
13135 LEE JACKSON HIGHWAY, #201
FAIRFAX, VIRGINIA 22033
(703) 449-5800

or send a request via Internet E-mail to **FIGURES.VA@LOGS.COM**

### THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
### ANY INFORMATION WILL BE USED FOR THAT PURPOSE.



ALL-STATE LEGAL® PLAINTIFF'S EXHIBIT H



22487 / M 34542-N

**BB&T**

ISSUED BY: MONEYGRAM PAYMENT SYSTEMS, INC.
P.O. BOX 9476, MINNEAPOLIS, MN 55480
DRAWEE: BOSTON SAFE DEPOSIT & TRUST CO., BOSTON, MASSACHUSETTS

**OFFICIAL CHECK**

ISSUING BRANCH 2613701-SUBURBAN MD - HYATT

PAY TO THE ORDER OF **\*\*\*Chase Home Finance\*\*\***

DATE JANUARY 05, 2008

$ ** $15,179.55 **

DOLLARS

MEMO/PURCHASER Jean Antoine

AUTHORIZED SIGNATURE

⑈81090040⑈ ⑆011007092⑆ 104510921⑈

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED ON THE BACK. THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE AND BORDER. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.



ALL-STATE LEGAL®
PLAINTIFF'S
EXHIBIT
I



PLAINTIFF'S EXHIBIT 5

ALL-STATE LEGAL®

**EXPRESS MAIL**
Customer Copy
Label 11-B, March 2004
UNITED STATES POSTAL SERVICE®

**Post Office To Addressee**

EB 884790381 US

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | Postage |
| --- | --- | --- |
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month    Day | $ |
| Mo.  Day  Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted | ☐ Noon ☐ 3 PM | $ | $ |
| ☐ AM | Military | Total Postage & Fees |
| ☐ PM | ☐ 2nd Day ☐ 3rd Day | $ |
| Flat Rate ☐ or Weight | Int'l Alpha Country Code | Acceptance Emp. Initials |
| lbs.    ozs. | | |

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| --- | --- | --- | --- |
| Mo.   Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if waiver of signature is requested. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

☐ NO DELIVERY ☐ Weekend ☐ Holiday     Mailer Signature

FROM: (PLEASE PRINT) PHONE ( 301 ) 793-4800

Jean R Antoine
11301 Classical Lane
Silver Spring, MD 20901

TO: (PLEASE PRINT) PHONE ( 800 ) 548-7912

Chase Home Finance
P O Box 78116
PHOENIX AZ 85062-8716

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

EMS

---

WOODRIDGE STATION
WASHINGTON, District of Columbia
200182826
1050050290-0097
(202)523-2414    11:26:07 AM

| Product Description | Sale Unit Qty Price | Final Price |
| --- | --- | --- |

01/05/2008

PHOENIX AZ 85062 Zone-8      $16.25
Express Mail PO-Add
Flat Rate
1.50 oz.
Label #:    EB884790381US
2nd Day 3PM  / No
Weekend Delivery
Customer Postage              -$14.40
                             ========
                               $1.85
Issue PVI:          $14.40   $14.40

$14.40     *1                $16.25
Express Mail

Total:

Paid by:
Cash                         $20.00
Change Due:                  -$3.75

Domestic Express Mail provides a
money-back guarantee!  The original
customer copy of the Express Mail label
must be presented at the time of refund.

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clickandship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 100030081378B
Clerk: 08

All sales final on stamps and postage.
Refunds for guaranteed services only.
  Thank you for your business.
************************************
************************************
      HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
    POSTAL EXPERIENCE

   YOUR OPINION COUNTS
************************************
************************************

              Customer Copy


**UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

**Track & Confirm**        **FAQs**

## Track & Confirm

### Search Results

Label/Receipt Number: **EB88 4790 381U S**
Status: **Delivered**

Your item was delivered at 10:36 pm on January 06, 2008 in PHOENIX,
AZ 85062. The item was signed for by D DARBY.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) ( ? )    ( Return to USPS.com Home > )

**Notification Options**

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail.  ( Go > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]

( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA    


PLAINTIFF'S EXHIBIT
K
ALL-STATE LEGAL®

# CHASE 🦴

Chase Home Finance
Dept. OH4-7142
3415 Vision Drive
Columbus, Ohio 43219
Phone: (877)838-1882

Jean R. Antoine
11301 Classical Lane
Silver Spring, MD 20901

1/15/2008

Re: Loan # 22448781

Dear  Jean R. Antoine

Enclosed please find a check in the amount of          $15,179.55  .  We are returning these
funds to you for the following reason:
Insufficient to reinstate the loan

If you have any questions, please contact the Loss Mitigation Department at (877)838-1882.
Our office hours are 7:00 a.m. to 4:00 p.m. Pacific Time, Monday through Friday.

Sincerely,
Loss Mitigation Department

  Enclosure



PM080108011