IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN ANTOINE<br><br>    Plaintiff<br><br>v.<br><br>J.P. MORGAN CHASE BANK,<br>AMERICAN SECURITY INSURANCE<br>COMPANY, and SHAPIRO & BURSON,<br>LLP,<br><br>    Defendants | Case No. 1:08-cv-00615-HHK |

DEFENDANT SHAPIRO & BURSON, LLP'S REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Shapiro & Burson, LLP ("S&B"), by and through undersigned counsel and pursuant to Rule 12(b)(6) and LCvR 7, hereby sets forth the following as its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

**I.    Plaintiff's Opposition is procedurally defective, as it relies on matters outside the Complaint to Oppose Defendant's Motion to Dismiss.**

In ruling on a Motion to Dismiss under Rule 12(b)(6), the Court is required to construe the allegations and the facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. See New York Bar Ass'n v. FTC, 276 F.Supp.2d. 110, 114 (D.D.C. 2003). However, the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters on which the Court may take judicial notice. Kowal v. MCI Comm'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Plaintiff, in his Opposition, makes several arguments against entry of an Order dismissing Plaintiff's Complaint for failure to state a

claim upon which relief may be granted. However, in doing so, Plaintiff makes arguments, and attaches and refers to documents, which were not set forth in the Complaint. To the extent Plaintiff attempts to introduce facts or documents which were not included in the Complaint, those facts and documents are irrelevant to the analysis of S&B's Motion to Dismiss. In this case, even taking the pleaded facts as true and liberally construing those facts in favor of the Plaintiff, the Plaintiff's Complaint fails to state a claim upon which relief may be granted, as the Plaintiff's Complaint fails to properly allege that S&B did not comply with its obligations under the Fair Debt Collection Practices Act.

First, Plaintiff alleges in his Complaint that S&B failed "to provide Plaintiff with the written notice required by FDCPA . . . ." Complaint at ¶ 50. However, the FDCPA does not require that Plaintiff "be provided with" the written notice; rather, the FDCPA requires that the written notice be sent to the Plaintiff. See 15 U.S.C. § 1692g(a) (requiring a debt collector to "send the consumer a written notice . . ."). While Plaintiff argues in his Opposition that "the Defendants have failed to produce credible evidence that shows that it mailed the written notice required in the Fair Debt Collection Practices Act," (Plaintiff's Opp. at p. 5), Plaintiff apparently mistakes S&B's Motion to Dismiss for a Motion for Summary Judgment. Plaintiff does not assert that the Complaint alleges that S&B did not send the required notice, only that Plaintiff was not "provided with" the notice. As the Complaint does not allege that S&B did not send the required notice, the Complaint fails as a matter of law.

Next, Plaintiff argues that the notice fails to comply with the FDCPA. See Plaintiff's Opp. at p. 8. Once again, this argument was not set forth in the Complaint. The Complaint alleges only a failure to "provide Plaintiff with the written notice," and does not allege that the

written notice was defective. Again, to the extent that the Plaintiff relies on documents not attached to the Complaint, such as the purported December 14, 2007 letter to S&B from Plaintiff, which was attached to Plaintiff's Opposition as Exhibit B. (Plaintiff concedes, in fact, that he was unable to locate this document at the time he filed his Amended Complaint.) Similarly, Plaintiff argues in his Opposition that the Notice, mailed on November 13, 2007, is not adequate for the purposes of the FDCPA. However, Plaintiff did not allege in the Complaint that the notice was inadequate– he alleged it was never sent. As the letter, and the arguments as to the sufficiency of the FDCPA notice, were not part of the Complaint, they cannot be relied upon to argue against a Motion to Dismiss to failure to state a claim upon which relief may be granted.

II.    **Plaintiff's Opposition does not controvert the fact that the FDCPA did not require a debt collector such as S&B to "correspond" with Plaintiff, or to inform Plaintiff of the amount needed to reinstate the loan.**

S&B argued in its Motion to Dismiss that the FDCPA does not require a debt collector to "correspond" with a consumer such as the Plaintiff, nor to inform the Plaintiff of the amount necessary to reinstate the loan. See 15 U.S.C. § 1692g(a)(4); see also Taylor v. Calvary Investments, Inc., 210 F. Supp. 2d 1001, 1003 (N.D. Ill. 2002) (noting that a debt collector is required to state the total amount of the debt, and "not just a partial amount, such as the unpaid balance"); see also Mahon v. Credit Bureau, Inc., 171 F.3d 1197, 1201 (9th Cir. 1999) (holding that FDCPA does not require "communication," but rather only requires that notification be "sent."). In the Complaint, the Plaintiff alleges that S&B violated the FDCPA by not informing Plaintiff of the additional foreclosure costs needed to reinstate the loan. See Complaint at ¶ 48. While Plaintiff makes several arguments as to this fact in his Opposition, he does not allege that

the FDCPA requires a debt collector to provide the consumer with the amount necessary to reinstate the loan. Furthermore, Plaintiff argues that S&B's actions involved "false and misleading misrepresentations" and "unfair and or unconscionable collection efforts," which were violations of the FDCPA. See Plaintiff's Opp. at 12. However, Plaintiff did not allege those facts in the Complaint, which is the proper focus of a Rule 12 Motion to Dismiss.

Because the FDCPA does not impose a duty to "inform Plaintiff of the additional foreclosure cost," nor to inform Plaintiff of the total amount required to reinstate the loan, Plaintiff does not properly assert a violation of the FDCPA, and Plaintiff's claim must fail as a matter of law.

**III.    Plaintiff's Opposition does not controvert the fact that Plaintiff did not allege that he disputed the debt within thirty days of the FDCPA notice.**

Finally, S&B's Motion to Dismiss noted that the Plaintiff did not allege that he disputed the debt within thirty days of the FDCPA notice. Plaintiff's Opposition argues strenuously that S&B violated the FDCPA when it failed to cease its collection activities when Plaintiff requested a verification of the debt. See Opposition at p. 12. Regardless of the truth of this allegation, it is not plead in the Complaint. At no point in the Complaint does Plaintiff allege that he disputed the debt within thirty days. In the absence of an allegation– in the Complaint-- that the Plaintiff actually contacted S&B to dispute the debt within the 30 day period, Plaintiff cannot assert a violation of §1692g(b) of the FDCPA.

**IV.    Conclusion**

Plaintiff makes several arguments in support of his case in his Opposition. However, in so doing, Plaintiff alleges facts, and sets forth documentation, which were not alleged or set forth

the FDCPA requires a debt collector to provide the consumer with the amount necessary to reinstate the loan. Furthermore, Plaintiff argues that S&B's actions involved "false and misleading misrepresentations" and "unfair and or unconscionable collection efforts," which were violations of the FDCPA. See Plaintiff's Opp. at 12. However, Plaintiff did not allege those facts in the Complaint, which is the proper focus of a Rule 12 Motion to Dismiss.

Because the FDCPA does not impose a duty to "inform Plaintiff of the additional foreclosure cost," nor to inform Plaintiff of the total amount required to reinstate the loan, Plaintiff does not properly assert a violation of the FDCPA, and Plaintiff's claim must fail as a matter of law.

**III.    Plaintiff's Opposition does not controvert the fact that Plaintiff did not allege that he disputed the debt within thirty days of the FDCPA notice.**

Finally, S&B's Motion to Dismiss noted that the Plaintiff did not allege that he disputed the debt within thirty days of the FDCPA notice. Plaintiff's Opposition argues strenuously that S&B violated the FDCPA when it failed to cease its collection activities when Plaintiff requested a verification of the debt. See Opposition at p. 12. Regardless of the truth of this allegation, it is not plead in the Complaint. At no point in the Complaint does Plaintiff allege that he disputed the debt within thirty days. In the absence of an allegation– in the Complaint-- that the Plaintiff actually contacted S&B to dispute the debt within the 30 day period, Plaintiff cannot assert a violation of §1692g(b) of the FDCPA.

**IV.    Conclusion**

Plaintiff makes several arguments in support of his case in his Opposition. However, in so doing, Plaintiff alleges facts, and sets forth documentation, which were not alleged or set forth

in the Complaint. To the extent that Plaintiff did not assert those facts, or include those documents, in the Complaint, they are not to be considered in determining S&B's Motion to Dismiss. See Kowal, 16 F.3d at 1276. Plaintiff's Complaint alleges conduct not violative of the FDCPA. In so doing, Plaintiff's Complaint fails to state a claim upon which relief may be granted. As such, S&B respectfully submits that Plaintiff's Complaint should be dismissed.

WHEREFORE, for the foregoing reasons, Defendant Shapiro & Burson LLP respectfully moves this Honorable Court to dismiss, with prejudice, those portions of the Complaint that relate to Shapiro & Burson LLP, and for such additional relief as this Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE & SAVITS, LLP

By: /s/
John Tremain May # 294199
Padraic K. Keane # 486285
1100 Connecticut Avenue NW
Suite 600
Washington, D.C. 20036
(202) 296-4747
Fax: (202) 496-2800

*Counsel for Defendant Shapiro & Burson, LLP*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing Motion to Dismiss were electronically filed and mailed, first class and postage pre-paid, on this 13th day of June, 2008, to:

    L. Saundra White, Esq.
    3540 Crain Highway, #107
    Bowie, MD  20716
    *Counsel for Plaintiff*

    Julie Ann Quagliano
    QUAGLIANO & SEEGER, PC
    2620 P Street NW
    Washington, DC 20007
    *Counsel for Defendant American Security Ins. Co.*

    Matthew P. Previn, Esq.
    BUCKLEY KOLAR, LLP
    1250 24th Street, NW, Suite 700
    Washington, D.C. 20037
    *Counsel for Defendant JP Morgan Chase Bank*

/s/ Padraic K. Keane
Padraic K. Keane