**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JEAN ANTOINE,** | |
| **Plaintiff,** | |
| **v.** | |
| **JPMORGAN CHASE BANK, AMERICAN SECURITY INSURANCE COMPANY, and SHAPIRO & BURSON, LLP,** | Case No. 1:08-cv-00615-HHK |
| **Defendants.** | |

## <u>AGREED PROTECTIVE ORDER</u>

This Agreed Protective Order is made as of the 6th day of August, 2008, by and among the undersigned, Plaintiff Jean Antoine and Defendants JPMorgan Chase Bank, N.A., American Security Insurance Company, and Shapiro & Burson, LLP, collectively referred to as "the parties."

WHEREAS, Plaintiff Jean Antoine and Defendants JPMorgan Chase Bank, N.A., American Security Insurance Company, and Shapiro & Burson, LLP are parties to the above-captioned matter;

WHEREAS, the parties are currently engaged in the exchange of initial disclosures and discovery;

WHEREAS, the parties seek a protective order in this matter to safeguard confidential information relating to Plaintiff's loan and any other confidential information;

IT IS HEREBY ORDERED that the following protective provisions shall govern any discovery conducted by the parties in this action:

1.     All documents produced in the course of discovery, all initial disclosures, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Agreement concerning confidential information, as set forth herein.

2.     Any document, material or information to be designated "Confidential" may be so designated by the party producing such document, material or information (the "Designating Party"), who shall stamp the document, material or information with the legend "CONFIDENTIAL" prior to its production.  Stamping such a legend on the cover of any multi-page documents shall so designate all pages of such documents, unless otherwise indicated.

3.     All discovery that is designated "Confidential" shall be used solely for the purpose of the prosecution and/or defense of the above-captioned cases and not for any business or other purposes whatsoever and shall not be disclosed except as otherwise provided herein.

4.     In the event counsel for a party receiving documents, material, or information designated as "Confidential" objects to such designation of any or all of such items or class of items, said counsel shall provide the Designating Party written notice of such objections and the reasons therefore.  If the Designating Party disputes the receiving party's objections, all the items shall be treated as "Confidential" pending a resolution of the dispute as to confidentiality.  The parties shall attempt in good faith to resolve any

dispute as to confidentiality.  If they are unable to resolve such dispute, it shall be the obligation of the party receiving the items designated as "Confidential" to move for a ruling regarding the propriety of the designation.

5.     Any deposition testimony, and any transcription thereof, and/or any document produced in response to a deposition subpoena may be designated as "Confidential," in whole or in part, and shall be treated as "Confidential" and subject to the confidentiality provisions hereof.  Such designation should be made no later than thirty (30) days after receipt of the transcript by the designating party.

6.     Documents or material (including portions of depositions transcripts) designated as "Confidential" or information contained therein, may only be disclosed or made available by a party receiving such information to "Qualified Persons," who are defined to consist solely of:

   a.    The Court and Court personnel, including court reporters, who have need to read, review, or file "Confidential" documents or other information;

   b.    The parties and their counsel and office personnel to the extent such persons have been advised of and have agreed to the terms of this Agreement;

   c.    Court reporters to the extent such persons have been advised of and have agreed to the terms of this Agreement;

   d.    Individuals whom counsel in good faith believes may be designated as witnesses in this litigation and/or witnesses at any deposition in these actions to the extent such persons have been advised of and have agreed to the terms of this Agreement.;

   e.    Experts of any kind consulted by the parties or their counsel in connection with this litigation, whether or not retained to testify at trial; provided that prior to the disclosure to such expert of any document,

information or material designated as "Confidential," or information contained therein, counsel for the party proposing to make such disclosure shall deliver a copy of this Agreement to the expert, shall explain its terms to the expert, and shall secure the signature of the expert on a certificate in the form attached hereto as Exhibit A. The provisions of this paragraph shall also apply to persons employed by experts. It shall be the obligation of such counsel to retain a copy of all certificates executed pursuant to this paragraph.

7.     If documents and material (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential" and filed under seal, together with a motion that such documents be sealed by the Court, and kept under seal until further order of the Court.

8.     Each non-lawyer given access to documents, material, or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Agreement and may not be disclosed other than pursuant to the terms hereof.

9.     Within twenty (20) days after the termination of this action, including all appeals, each party shall return to counsel for the Designating Party or destroy, at the option of the Designating Party, all documents or material designated as "Confidential" and all copies thereof. If the documents are destroyed, the party or parties causing the destruction of the documents or material shall represent in writing to the Designating Party that the documents or materials were destroyed.

10.     In the event any non-party seeks access from a receiving party to documents or other material designated as "Confidential," or to information contained therein, that receiving party shall not produce, grant access or otherwise make available any such documents, material or information, unless authorized in writing by the Designating Party, or until ordered to do so by a court of competent jurisdiction. In the event a party or any of their counsel is served with a valid subpoena, the terms of which require surrender or disclosure of any document or material designated as "Confidential," the receiving party shall forward written notification thereof along with the subpoena to the Designating Party within forty-eight (48) hours of receipt of said subpoena, whereupon the Designating Party may take any judicial action to seek a protective order to prevent said surrender or disclosure. In any event, the receiving party shall not surrender or disclose any document or material designated as "Confidential" in order to comply with such subpoena earlier than twenty-four (24) hours prior to the time required to comply with such subpoena in a timely fashion, without the prior written consent of the Designating Party.

11.     The dismissal of the above-captioned matter, the final determination, or the settlement of the action shall not relieve any person who has received documents, material or information designated as "Confidential," or information contained therein, from the obligations imposed by this Agreement. This Agreement shall remain in full force and effect.

12.     This Agreement shall be deemed effective immediately, and the parties shall present this Agreement to the Court for entry as a protective order.

13.     Any persons having access to materials designated as "Confidential" consent to jurisdiction and venue in the United States District Court for the District of Columbia for any matters arising out of this Agreement.

14.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document; provided, however, that this Agreement shall not be effective as to any party unless and until the party shall have executed it.

__/s/ L. Saundra White_____          __/s/ Matthew P. Previn_____
Lucille Saundra White                          Matthew P. Previn, Esq.
WHITE & ASSOCIATES, P.A.                        BUCKLEY KOLAR LLP
3540 Crain Highway                             1250 24th Street, N.W., Suite 700
Suite 107                                      Washington, DC  20037
Bowie, MD 20716                                (202) 349-8000
(301) 574-35474                                *Attorneys for Chase Home Finance LLC*
*Attorney for Plaintiff*

__/s/ Julie A. Quagliano_____        __/s/ Padraic K. Keane_____
Julie Ann Quagliano                            Padraic K. Keane
QUAGLIANO & SEEGER, PC                          JORDAN COYNE & SAVITS, LLP
2620 P Street, NW                              1100 Connecticut Avenue, NW
Washington, DC 20007                           Suite 600
(202) 822-8838                                 Washington, DC 20036
*Attorney for Defendant American Security*     *Attorneys for Defendant Shapiro & Burson,*
*Insurance Company*                            *LLP*

**IT IS SO ORDERED.**

DATED:                                     _____
                                           Honorable Henry H. Kennedy
                                           United States District Judge

**EXHIBIT A**

| | |
|---|---|
| **JEAN ANTOINE,** | |
| **Plaintiff,** | |
| **v.** | |
| **JPMORGAN CHASE BANK, AMERICAN SECURITY INSURANCE COMPANY, and SHAPIRO & BURSON, LLP,** | Case No. 1:08-cv-00615-HHK |
| **Defendants.** | |

### CERTIFICATE PURSUANT TO AGREED PROTECTIVE ORDER

I, _____ (name), hereby certify that I am over eighteen (18) years of age and competent to testify. I further certify that prior to the disclosure of any document, information or material designated as "Confidential," or information contained therein, counsel for the party proposing to make such disclosure delivered to me a copy of the Agreed Protective Order and explained its terms to me.

I hereby certify under the penalties of perjury that the foregoing is true and correct.

_____        _____
Print Name                                              Signature