IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN ANTOINE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00615-HHK |
| ) | |
| J.P. MORGAN CHASE BANK, ) | |
| AMERICAN SECURITY INSURANCE ) | |
| COMPANY, and SHAPIRO & BURSON, ) | |
| LLP, ) | |
| ) | |
| Defendants ) | |

ANSWER OF DEFENDANT SHAPIRO & BURSON, LLP
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Shapiro & Burson, LLP ("S&B"), by and through undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, sets forth the following as its Answer to the Plaintiff's Amended Complaint (the "Amended Complaint").

FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted to the Plaintiff.

SECOND DEFENSE

In response to the numbered paragraphs of the Amended Complaint, S&B states as follows:

The allegations set forth in the paragraph titled "JURY TRIAL DEMAND" represent Plaintiff's characterization of the case, to which no response is necessary. To the extent Plaintiff alleges any wrongdoing by S&B, it is denied.

1.  S&B denies the allegations set forth in Paragraph 1 of the Amended

Complaint.

2. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Amended Complaint, and demands strict proof thereof.

3. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Amended Complaint, and demands strict proof thereof.

4. Paragraph 4 of the Amended Complaint sets forth a legal contention that requires no averment from S&B. S&B admits that it is located in Fairfax, Virginia.

5. Paragraph 5 of the Amended Complaint sets forth a legal contention as to subject matter jurisdiction, to which no averment from S&B is required.

6. Paragraph 6 of the Amended Complaint sets forth a legal contention as to venue, to which no averment from S&B is required.

7. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Amended Complaint, and demands strict proof thereof.

8. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in the first two sentences of Paragraph 8 of the Amended Complaint, and demands strict proof thereof. The remaining portion of Paragraph 8 of the Amended Complaint ets forth legal contentions, to which no response from S&B is required.

9. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Amended Complaint, and demands strict proof thereof.

10. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Amended Complaint, and demands strict proof thereof.

11. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Amended Complaint, and demands strict proof thereof.

12. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Amended Complaint, and demands strict proof thereof.

13. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Amended Complaint, and demands strict proof thereof.

14. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Amended Complaint, and demands strict proof thereof.

15. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Amended Complaint, and demands strict proof thereof.

16. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Amended Complaint, and demands strict proof thereof.

17. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Amended Complaint, and demands strict proof thereof.

18. S&B admits sending a Notice of Foreclosure to Plaintiff, but is unable to state

when said Notice was received. S&B is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 18 of the Amended Complaint, and demands strict proof thereof.

19. The Amended Complaint does not contain a Paragraph 19.

20. Denied.

21. S&B denies the allegations set forth in the first sentence of Paragraph 21 of the Amended Complaint. S&B is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 21 of the Amended Complaint, and demands strict proof thereof.

22. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Amended Complaint, and demands strict proof thereof.

23. S&B admits that a foreclosure sale occurred on or about January 9, 2008. S&B is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 23 of the Amended Complaint, and demands strict proof thereof.

24. S&B is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the Amended Complaint, and demands strict proof thereof.

## COUNT I

25. S&B incorporates herein by reference each and every averment set forth in Paragraphs 1 through 24 of this Answer.

26. The allegations set forth in Paragraph 26 of the Amended Complaint do not relate

to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

27. The allegations set forth in Paragraph 27 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

28. The allegations set forth in Paragraph 28 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

29. The allegations set forth in Paragraph 29 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

30. The allegations set forth in Paragraph 30 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

## COUNT II

31. Defendant incorporates herein by reference each and every averment set forth in Paragraphs 1 through 30 of this Answer.

32. The allegations set forth in Paragraph 32 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

33. The allegations set forth in Paragraph 33 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

34. S&B denies the allegations set forth in Paragraph 34 of the Amended Complaint.

35. The allegations set forth in Paragraph 35 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

36. The allegations set forth in Paragraph 36 of the Amended Complaint do not relate to S&B. Additionally, Paragraph 36 of the Amended Complaint sets forth a legal contention that requires no averment from S&B. To the extent any wrongdoing is alleged against S&B, it is

denied.

37. The allegations set forth in Paragraph 37 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

38. The allegations set forth in Paragraph 38 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

## COUNT III

39. S&B incorporates herein by reference each and every averment set forth in Paragraphs 1 through 38 of this Answer.

40. The allegations set forth in Paragraph 40 of the Amended Complaint do not relate to S&B. Additionally, Paragraph 40 of the Amended Complaint sets forth a legal contention that requires no averment from S&B. To the extent any wrongdoing is alleged against S&B, it is denied.

41. The allegations set forth in Paragraph 41 of the Amended Complaint do not relate to S&B. Additionally, Paragraph 41 of the Amended Complaint sets forth a legal contention that requires no averment from S&B. To the extent any wrongdoing is alleged against S&B, it is denied.

## COUNT IV

42. S&B incorporates herein by reference each and every averment set forth in Paragraphs 1 through 41 of this Answer.

43. The allegations set forth in Paragraph 43 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

44. The allegations set forth in Paragraph 44 of the Amended Complaint do not relate

to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

45. The allegations set forth in Paragraph 45 of the Amended Complaint do not relate to S&B. To the extent any wrongdoing is alleged against S&B in this Paragraph, it is denied.

46. S&B incorporates herein by reference each and every averment set forth in Paragraphs 1 through 45 of this Answer.

## COUNT V

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

S&B denies that Plaintiff is entitled to the relief requested in the Paragraph entitled "PRAYER FOR RELIEF."

## THIRD DEFENSE

Plaintiff's claims are or may be barred by the doctrine of failure to mitigate damages.

## FOURTH DEFENSE

The injuries, losses, and damages, if any, suffered by the Plaintiff are the result of the intentional or negligent acts of the remaining defendants herein.

## FIFTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, if proven, would have been unintentional and resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

SIXTH DEFENSE

Plaintiff's claims are or may be barred by the doctrine of unclean hands and/or other equitable doctrines.

SEVENTH DEFENSE

S&B reserves the right to supplement this Answer, and to set forth such additional defenses as may become available through investigation and/or discovery.

WHEREFORE, Defendant Shapiro & Burson, LLP respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint, with prejudice, and award Shapiro & Burson, LLP its costs and expenses, including reasonable attorneys' fees, and such other relief as this Honorable Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE & SAVITS, LLP


By:_____/s/_____
John Tremain May # 294199
Padraic K. Keane # 486285
1100 Connecticut Avenue, NW
Suite 600
Washington, D.C. 20036
(202) 296-4747
Fax: (202) 496-2800

*Counsel for Defendant Shapiro & Burson, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were electronically filed and mailed, first class and postage pre-paid, on this 25th day of August, 2008, to:

>L. Saundra White, Esq.
>3540 Crain Highway, #107
>Bowie, MD 20716
>*Counsel for Plaintiff*
>
>Julie Ann Quagliano
>QUAGLIANO & SEEGER, PC
>2620 P Street NW
>Washington, DC 20007
>*Counsel for Defendant American Security Ins. Co.*
>
>Matthew P. Previn, Esq.
>BUCKLEY KOLAR, LLP
>1250 24th Street, NW, Suite 700
>Washington, D.C. 20037
>*Counsel for Defendant JP Morgan Chase Bank*

>_____/s/_____
>Padraic K. Keane