UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------
                                        :
JEAN ANTOINE,                           :        CASE NO. 08-CV-00615
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :        OPINION & ORDER
                                        :        [Resolving Doc. Nos. 85 & 89]
J.P. MORGAN CHASE BANK, *et al.*,       :
                                        :
        Defendants.                     :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Fair Debt Collection Practices Act (FDCPA) case concerning Plaintiff Jean Antoine's mortgage, Plaintiff Antoine and Defendant debt collector Shapiro & Burson, LLP both move for summary judgment. In his motion, Plaintiff says Defendant Shapiro & Burson failed to comply with the FDCPA. [Doc. 89.] Responding, Defendant argues it satisfied the FDCPA and also moves for summary judgment. [Doc. 85.]

For the following reasons, the Court **DENIES** Plaintiff's motion for summary judgment. The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for summary judgment.

**I. Background**

In April 2007 Plaintiff's house in Washington, D.C. burned down. While Plaintiff was negotiating with his hazard-insurance company over the proceeds he stopped making mortgage payments to his mortgagee JP Morgan Chase Bank and fell behind by $15,179.55. [Doc. 85-2 at 1-2; Doc. 89 at 4-5.] Six months later, JP Morgan referred the matter to Shapiro & Burson, LLP, a debt

collector. After Plaintiff failed to cure the default, Shapiro & Burson sold Plaintiff's house at a foreclosure sale on January 9, 2008. [Doc. 89 at 5.]

Having failed to stop the sale, Plaintiff sued JP Morgan, his insurance company American Security Insurance, and Shapiro & Burson, alleging that each Defendant participated in the improper foreclosure of his house. [Doc. 3.] For reasons irrelevant to the instant motions, on July 14, 2009 the Court granted summary judgment to Defendant American Security Insurance. [Doc. 77.] And on December 9, 2009 Defendant JP Morgan and Plaintiff reached a settlement. [Doc. 102.]

Now before the Court are cross motions for summary judgment on Plaintiff's remaining claims against Defendant Shapiro & Burson. Plaintiff's complaint alleges that the Defendant violated the FDCPA when it failed to: (1) send him a FDCPA-compliant disclosure statement; and (2) verify or otherwise correspond with him regarding the underlying debt. [Doc. 3 at ¶¶ 47-50.] Central to this controversy are two factual disputes over who sent what, and when.

The first dispute is whether Shapiro & Burson sent Plaintiff a FDCPA-compliant debt collection notice. As part of its debt collection efforts, Shapiro & Burson says that on November 13, 2007 it mailed Plaintiff compliant notice. [Doc. 85-2 at 1-2; Doc. 85-3.] Plaintiff denies *receiving* this letter, but concedes that Shapiro & Burson *sent* it. [Doc. 98 at 5.] Plaintiff's recollection is that the only letter he received from Shapiro & Burson was a "Notice of Foreclosure" on December 14, 2007, and argues that *this* notice does not comply with the FDCPA because it does not contain the required debt-collection disclosures. [Doc. 89 at 7; Doc. 93-6.] Responding, Defendant agrees that the Notice of Foreclosure Plaintiff received on December 14 does not satisfy the FDCPA's disclosure requirements, but says this is irrelevant because it had already complied with the Act in its initial November 13 letter. [Doc. 90 at 6-7.]

Case No. 1:08-CV-00615
Gwin, J.

The second factual dispute is whether Plaintiff mailed or faxed letters to Shapiro & Burson contesting the debt. Plaintiff says that in response to Shapiro & Burson's December 14 Notice of Foreclosure he mailed or faxed letters to Shapiro & Burson requesting verification of his debt and "the total amount necessary to reinstate" his mortgage. [Doc. 89 at 7; Doc. 89-3.] Specifically, Plaintiff Antoine says his friend "Mo" helped him type (Antoine cannot type) and fax letters on December 14, 2007, December 21, 2007, and January 4, 2008. [Doc. 93 at 10.] According to Plaintiff, he would give Mo a handwritten copy of what he wanted Mo to type; Mo would then type each letter before calling Plaintiff to come over and sign them. Mo faxed each letter from his house or a Staples-type store. [Doc. 85-6 at 6-10.] Plaintiff might also have mailed the letters, but he is not sure. [Doc. 90-4 at 3.] Attached to each faxed letter is a time-stamped fax verification. [Doc. 89-3; Doc. 89-4; Doc. 89-5.] Besides Mo's help with the letters, Plaintiff remembers nothing about Mo—not his last name, his address, or his telephone number—other than that Mo is from Hyattsville, Maryland. [Doc. 85-6 at 6-10.]

Responding, Defendant does not dispute that these letters would have triggered its FDCPA obligation to verify Plaintiff's debt. [Doc. 90 at 7-9.] Instead, Defendant says that Plaintiff never sent these letters or, if he did, it never received them. [Doc. 90 at 7-9.] As to whether Plaintiff *mailed* the letters, Shapiro & Burson says Plaintiff's motion for summary judgment flatly contradicts his earlier deposition: "Q: Did you actually mail these letters as well as fax them? [Antoine] I don't remember. I didn't – I don't send them, because there is no time to send them, I mean, to put them in the mail." [Doc. 95-1 at 3.] Defendant also argues that Plaintiff's tale that "Mo from Hyattsville" *faxed* the letters is simply not credible and the purported fax confirmation sheets are either fakes or cannot be authenticated. [Doc. 90 at 7-9.]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

Under the summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

"Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F.Supp. 46, 49 (D.D.C. 1996). Instead, while the movant bears the initial responsibility of identifying those portions

of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.' " *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

### III. Discussion

*1. Defendant's FDCPA Disclosure*

In his motion for summary judgment, Plaintiff says the only communication he received from Shapiro & Burson was a Notice of Foreclosure on December 14, 2007. [Doc. 89 at 7.] That notice, Plaintiff continues, does not comply with the FDCPA because it does not contain the required debt-collection disclosures. [Doc. 89 at 9.] Responding, Defendant says it satisfied its disclosure duties when it sent a compliant notice on November 13, 2007. [Doc. 85-2 at 1-2.]

Under the FDCPA a debt collector must *send* a written notice to an alleged debtor containing, among other things, the amount of the debt and statements that the consumer may dispute the debt in writing and may request written verification. 15 U.S.C. § 1692g. Section 1692g does not require that this information be *received* by the debtor, however. Instead, it explicitly states that a notice must be sent: "[A] debt collector shall . . . send the consumer a written notice . . . ." 15 U.S.C. § 1692g(a). Nowhere does the statute require receipt. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1201-02 (9th Cir. 1999) (holding that the FDCPA requires only that notice be sent); *Laprade v. Abramson*, 1997 U.S. Dist. LEXIS 9009, at *15 (D.D.C. 1997) (same).

In support of its motion for summary judgment Defendant provides a copy of the November 13 notice, which would meet both the timing and content requirements of § 1692g. [Doc 85-3.] Plaintiff alleges that he never *received* this notice, but presents no evidence that it was not *sent* or that it does not satisfy the FDCPA disclosure requirements. *See Laprade*, 1997 U.S. Dist. Lexis 9009,

Case No. 1:08-CV-00615
Gwin, J.

at *14-*15 (granting summary judgment to defendant debt collector where plaintiff presented "no evidence that [notice] was not sent, that it was not sent on time, or that it was sent to the wrong address"). Indeed, Plaintiff admits that Shapiro & Burson sent the November 13 notice. [Doc. 98 at 5.]

Accordingly, because there is no factual dispute as to whether Defendant Shapiro & Burson mailed compliant notice on November 13, the Court finds that Shapiro & Burson complied with Section 1692(g). The Court therefore grants summary judgment to Defendant on Plaintiff's deficient-disclosure FDCPA claim, [Doc. 3 at ¶ 50].

*2. Plaintiff's Written Demand Contesting the Debt*

Plaintiff Antoine says he mailed or faxed letters on December 14, 2007, December 21, 2007, and January 4, 2008 contesting the debt and requesting verification. [Doc. 93 at 10.] In support, Plaintiff provides three increasingly-hostile dispute letters, each coupled with a time-stamped fax confirmation sheet. [Doc. 89-3; Doc. 89-4; Doc. 89-5.] Those letters, Plaintiff continues, triggered Defendant's duty to "correspond" and "acknowledge Plaintiff's dispute with respect to the default amount." [Doc. 89 at 9-11.] And by not doing so, Plaintiff says, Defendant's debt collection process was "unfair or unconscionable." [Doc. 89 at 11-18; Doc. 3 at ¶¶ 48, 49.][1/] Responding, Defendant does not dispute that these letters would have triggered its obligation under the FDCPA to verify Plaintiff's debt. Instead, Defendant argues that Plaintiff never sent these letters and faxes or, if he did, it never received them. [Doc 90 at 7-9.]

Recall that under the FDCPA "if the consumer notifies the debt collector in writing within

---

[1/] The Court interprets these portions of Plaintiff's Complaint and motion for summary judgment to allege violations of § 1692g(b) (upon timely dispute debt collector must verify debt) and § 1692f (debt collector may not use unfair or unconscionable means to collect debt).

[thirty days after receipt of the notice] . . . that the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). If no written demand is made within thirty days, "the collector may assume the debt to be valid." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); 15 U.S.C. § 1692g(a)(3). Thus, the FDCPA does not require a debt collector to verify the debt or otherwise communicate with the debtor until the debtor writes to initiate a dispute. By extension, a debt collector's failure to verify a debt that has not been disputed is not unfair or unconscionable.

Plaintiff Antoine says he sent dispute letters to Shapiro & Burson beginning December 14, 2007. Yet Plaintiff himself has given conflicting statements as to whether he mailed the triggering notice—compare "I don't have to [mail] that" with "[m]y lawyer maybe mail it"—or faxed—compare "I fax the letter" with "[Mo] fax it for me"—the three dispute letters. [Doc. 85-6 at 6-10.] Of course, self-contradictory testimony does not create a material issue of fact. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). In this case, however, Plaintiff's varying accounts of what he sent, and when, are more likely attributed to his misunderstanding of the questions asked. Indeed, during Plaintiff's deposition Defendant's counsel also was confused: "Just to be clear. I'm getting confused a little bit . . . ." [Doc. 93-11 at 3.] Plaintiff Antoine is a native of Port-au-Prince, Haiti, does not type, and lacks complete mastery of the English language. [Doc. 93 at 8; Doc. 85-6.] Against this backdrop, Plaintiff's contradictions are somewhat excused and his tale of a Mo from Hyattsville is somewhat plausible.

Nonetheless, neither party is entitled to summary judgment because there are issues of material fact as to whether Plaintiff mailed or faxed the letters. And because, in this case, Plaintiff's

Case No. 1:08-CV-00615
Gwin, J.

unconscionable practices claim hinges on whether Plaintiff himself initiated a dispute, the Court also denies summary judgment on that claim. Accordingly, the Court denies Plaintiff's and Defendant's motions for summary judgment on these issues.

## IV. Conclusion

The Court finds that no dispute in genuine issue of material fact or law exists on Plaintiff's claim that Defendant failed to provide him with a FDCPA-compliant disclosure. Accordingly, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion on this claim. However, because a jury must decide, among other issues, whether Plaintiff sent timely written notice to Defendant triggering its duty to verify the debt, the Court **DENIES** Defendant's motion and **DENIES** Plaintiff's motion on these claims.


Dated: December 28, 2010          s/      *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE