UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------

JEAN ANTOINE, : CASE NO. 08-CV-00615
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 146]
J.P. MORGAN CHASE BANK, *et al.*, :
:
Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Fair Debt Collection Practices Act case, Defendant debt collector Shapiro & Burson, LLP moves the Court to seal three trial exhibits it has marked as "confidential." The Defendant describes these exhibits as "Shapiro & Burson, LLP File Documents," "Initial Disclosures by Former Co-Defendant JP Morgan Chase," and "Internal Messages Between Shapiro & Burson, LLP & JP Morgan Chase Regarding Foreclosure of 2706 South Dakota Ave. NE."

While the Court has discretion to seal filings where appropriate, "the general presumption [is] that court documents are to be available to the public." *In re Pepco Employment Litig.*, No. 86–0603, 1992 WL 115611, at *5–7 (D.D.C. May, 8 1992).

The Court's earlier order allowed the parties to designate as "confidential" documents they deem confidential. Yet without having had an opportunity to examine these purported confidential trial exhibits, the Court is unable to weigh the factors to determine whether and to what extent the Defendant's interest outweighs the strong presumption in favor of public access to judicial

proceedings.[1] The Court cautions that it generally believes that public access outweighs private interests in all instances save well established claims involving trade secrets.

The Court thus **DENIES** the Defendant's motion to seal trial exhibits based on the parties' protective order. The Court will examine the exhibits at trial, which is set for this Monday, May 2, 2011, and issue its ruling then. Counsel will have an opportunity to give argument in support.

IT IS SO ORDERED.

Dated: April 29, 2011

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[1] "These factors include: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced." *See Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277-78 (D.C. Cir. 1991).